THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CARL DeTIENNE, Defendant-Appellant.

(No. 72-50;

Third District—February 28, 1974.

James Geis, Deputy Defender, of Ottawa, for appellant.

David DeDoncker, State's Attorney, of Rock Island, for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

On March 29, 1968, defendant, Carl DeTienne, in a jury trial in the Circuit Court of Rock Island County, was convicted of several offenses, including conspiracy, theft and forgery, and sentenced to imprisonment in the penitentiary for concurrent terms of not less than 4 nor more than 25 years. On September 23, 1968, an appeal of his conviction was dismissed for failure to file a record with this court. Subsequently, the defendant filed a petition in the circuit court under the provisions of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1971, ch. 38, § 122—1 *et seq.*), contending that certain of his constitutional rights were violated in the proceedings which resulted in his conviction. Accompanying this petition was a request that counsel be appointed to represent him. On motion by the State, the circuit court dismissed the petition. The request for the appointment of counsel was not acted upon.

Shortly after the dismissal of his post-conviction petition, defendant filed a motion in the Illinois Supreme Court requesting that it overrule the lower court's action on his post-conviction petition and order the

appointment of counsel to act in his behalf. On January 10, 1972, the Illinois Supreme Court denied this motion. It did, however, grant the defendant leave to file a late notice of appeal from the post-conviction proceeding and transferred the cause to this court. We accepted the transfer. On June 16, 1972, without having then reviewed the record, we further granted the defendant leave to file a late notice of appeal from his original conviction.

We, therefore, have, for consideration, two appeals, one from the original conviction and one from the dismissal of the post-conviction petition. With respect to the appeal from defendant's conviction, the State contends that our action in granting leave to file a late notice of appeal is in direct conflict with Illinois Supreme Court Rule 606 which provides in part:

> "(b) Time. The notice of appeal shall be filed within 30 days from the entry of the order or judgment from which the appeal is taken; or if the appellant applies for probation or files a motion for a new trial or in arrest of judgment, the notice of appeal shall be filed within 30 days after the ruling of the court on the application for probation or the denial of the motion. Except as provided in the next paragraph, no appeal may be taken from a trial court to a reviewing court after the expiration of 30 days from the entry of the order or judgment from which the appeal is taken.

> (c) Extension of Time in Certain Circumstances. On motion supported by a showing of reasonable excuse for failing to file a notice of appeal on time filed in the reviewing court within 30 days of the expiration of the time for filing the notice of appeal, or on motion supported by a showing by affidavit that there is merit to the appeal and that the failure to file a notice of appeal on time was not due to appellant's culpable negligence, filed in the reviewing court within six months of the expiration of the time for filing the notice of appeal, in either case accompanied by the proposed notice of appeal, the reviewing court may grant leave to appeal and order the clerk to transmit the notice of appeal to the trial court for filing   *   *   *." Ill. Rev. Stat., ch. 110A, § 606.

■■ It is apparent from the record that defendant did not file his petition for leave to file a late notice of appeal from his conviction until June 6, 1972, approximately 4 years after the expiration of the time for filing his original notice of appeal. This, clearly, is not within the time provided in Rule 606(c). Therefore, in reviewing the record we must now agree with the State and conclude that our earlier action in granting

to defendant leave to appeal from his conviction was improvident and improper, and that such appeal must be dismissed. Such appeal is, therefore, dismissed.

Defendant's appeal from the dismissal of his post-conviction petition, however, is properly before us pursuant to transfer by the Illinois Supreme Court following its action in granting defendant's petition for leave to file a late notice of appeal in such post-conviction proceeding. Defendant argues, *inter alia*, that error was committed by the lower court in denying his request that counsel be appointed to represent him as is required by § 4 of the Post-Conviction Hearing Act, which provides in pertinent part:

"If the petition alleges that the petitioner is unable to pay the costs of the proceeding, the court may order that the petitioner be permitted to proceed as a poor person and order a transcript of the proceedings delivered to petitioner in accordance with Rule of the Supreme Court. If the petitioner is without counsel and alleges that he is without means to procure counsel, he shall state whether or not he wishes counsel to be appointed to represent him. If appointment of counsel is so requested, the court shall appoint counsel if satisfied that the petitioner has no means to procure counsel." Ill. Rev. Stat. 1971, ch. 38, § 122—4.

The record before us sufficiently demonstrates, and the State concedes, that the circuit court erred in failing to appoint counsel to represent defendant in his post-conviction proceeding. In fact, the State joins with defendant in his request for appointment of counsel for him in that proceeding.

■■ Accordingly, the order of the Circuit Court of Rock Island County dismissing defendant's post-conviction petition is reversed and the cause is remanded to that court with instructions that counsel be appointed to represent defendant during a subsequent post-conviction proceeding to be held in such court in accordance with law.

Dismissed in part; reversed in part, and remanded.

STOUDER and DIXON, JJ., concur.