(No. 60328.—

RICHARD M. DALEY, State's Attorney, Plaintiff, v. JOHN C. LAURIE, Judge, *et al.*, Defendants.

*Opinion filed March 22, 1985.*

34

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, John S. Cherry, and John C. Legutki, Assistant State's Attorneys), for the People.

Neil F. Hartigan, Attorney General, of Springfield (Mark L. Rotert, Assistant Attorney General, of Chicago, of counsel), for defendants.

CHIEF JUSTICE CLARK delivered the opinion of the court:

On March 3, 1983, after a bench trial, defendant Murphy Evans was found guilty of unlawful use of weapons by defendant Judge John C. Laurie of the circuit court of Cook County, and sentenced to 364 days in the Cook County Department of Corrections. On March 31, 1983, a timely notice of appeal was filed on behalf of Evans. On that same day, a motion for a new trial was also filed on his behalf. On April 8, 1983, Judge Laurie granted Evans an appeal bond. Evans' motion for a new trial was continued several times until it was eventually heard before Judge Laurie on August 19, 1983. On that date, Judge Laurie granted Evans' motion for a new trial.

In his response to the State's complaint for a writ of *mandamus* and prohibition or a supervisory order filed

in this court, Judge Laurie alleged that he granted the motion for a new trial "based on [defense counsel's] arguments and the trial transcript, which reflected that the defendant had not validly waived a jury and that, after announcing [his] finding of guilt, [he] had not entered judgment on that verdict." Judge Laurie also stated in his response to the complaint that because he was unaware that a notice of appeal had been filed on March 31, 1983, he transferred the matter to Branch 28 of the circuit court for a new trial on September 7, 1983. On that date, the matter was on Judge Macellaio's call. Evans appeared and was ready for trial, but the State was not ready to proceed due to the absence of a police officer. Since the State was unable to proceed on September 7, 1983, the case was continued until September 29, 1983.

On September 12, 1983, Evans' appeal was dismissed by the appellate court for want of prosecution and a mandate reflecting the dismissal was issued by the appellate court on December 7, 1983. People v. Evans (1st Dist. 1983), No. 83—0802.

On September 29, 1983, when the case was again called for trial, the State was once again unable to proceed with trial, this time due to an incomplete or missing file. Judge Macellaio dismissed the case with leave to reinstate.

The appellate court mandate of December 7, 1983, was issued to the circuit court of Cook County, and the matter appeared on Judge McNulty's status call on June 7, 1984. At that time, the State argued for the first time before Judge McNulty, that the original judge, Judge Laurie, had been without jurisdiction to act since March 31, 1983, the date upon which the timely notice of appeal had been filed in the appellate court. Judge McNulty noted that the State had failed to raise this jurisdictional issue before any of the previous judges and

then ordered that Evans' cause be removed from the status call and that a cash bond refund be made to Evans, who had been free on bond since his conviction.

The State asserts that Judge Laurie was without jurisdiction to grant Evans' motion for a new trial on August 19, 1983, because jurisdiction had properly vested in the appellate court on March 31, 1983, the date on which the notice of appeal was timely filed. It further maintains that Judge McNulty was also without jurisdiction to order the return of Evans' cash bond because the appellate court had dismissed Evans' appeal. The State argues that since the appellate court mandate dismissing the appeal had issued, Judge McNulty was bound to order Evans to the Cook County Department of Corrections to serve his sentence of 364 days and by failing to do so, she "usurped the authority of the Appellate Court and in effect, reversed and remanded the trial court conviction appealed from, which the Appellate Court properly dismissed for want of prosecution."

As was stated previously, when Judge Laurie granted Evans' motion for a new trial he alleged he was doing so for two reasons. First, he did not believe that Evans had validly waived a jury trial. If Judge Laurie was without jurisdiction to entertain the motion, his granting of the motion for a new trial on that basis is immaterial. The second reason which Judge Laurie asserted justified the granting of the motion for a new trial, that he believed he had never entered a judgment in the case, is also without merit. After reviewing the record, we find the following language in the trial transcript: "THE COURT: Finding of guilty."

In any event, the jurisdiction of the appellate court attaches upon the proper filing of a notice of appeal. When the notice of appeal is filed, the appellate court's jurisdiction attaches *instanter*, and the cause is beyond the jurisdiction of the trial court. (*People v. Carter*

(1980), 91 Ill. App. 3d 635, 638.) The appellate court was properly vested with jurisdiction when the notice of appeal was timely filed.

The State has asked this court to issue a writ of *mandamus* and prohibition or a supervisory order (1) directing Judge Laurie to vacate and expunge his order of August 19, 1983, granting Evans' motion for a new trial, and (2) directing Judge McNulty to vacate and expunge her order of June 7, 1984, which removed the Evans case from the status call and refunded the cash bond to his attorney and, in its stead, direct Evans to the Cook County Department of Corrections to serve his sentence of 364 days on his conviction for unlawful use of weapons.

It should be noted that only the State, Judge Laurie, and Judge McNulty have presented their arguments in this matter. Evans' position has not been briefed or argued before this court.

Judge Laurie and Judge McNulty admit that they were without jurisdiction to enter the orders that they entered in this case. "It is a basic rule of law in Illinois that *** the proper filing of a notice of appeal causes the jurisdiction of the reviewing court to attach instanter and concomitantly deprives the trial court of jurisdiction of the cause." (*People v. Baker* (1980), 85 Ill. App. 3d 661, 662; *People v. Carter* (1980), 91 Ill. App. 3d 635, 638; *People v. Brigham* (1964), 47 Ill. App. 2d 444, 452.) Therefore, the more narrow issue that is presented in this appeal is whether this court should enter a writ of *mandamus* and prohibition or a supervisory order to expunge the orders that were erroneously entered in this case. Judge Laurie and Judge McNulty contend that this is not an appropriate case in which to issue a writ of *mandamus*.

Judge Laurie argues that *mandamus* is improper in light of the discretionary nature of his act in granting

Evans a new trial based upon a factual misconception, but urges that this question lies properly within the province of this court's supervisory jurisdiction. He asserts that to issue a writ of *mandamus* against him would be a futile and ineffective remedy because he no longer maintains any authority over the case and suggests that this court enter a supervisory order to the circuit court of Cook County directing that Evans be committed to the custody of the Cook County sheriff to serve his sentence.

Judge McNulty submits that she also is not properly subject to a *mandamus* order because this court has already, in effect, vacated her order of June 7, 1984, by staying that order and reinstating Evans' cash bond. Moreover, she asserts that her order was discretionary in nature in light of being faced with contradictory and ambiguous orders and mandates. Judge McNulty suggests that the proper course would be for this court to exercise its supervisory jurisdiction and direct that any orders entered by Judges Laurie and Macellaio after March 31, 1983, be stricken and rendered void for want of jurisdiction. The court may then order the *mittimus* to issue in Evans' case. We disagree.

In *People ex rel. Bradley v. McAuliffe* (1962), 24 Ill. 2d 75, 78, this court held:

"The extraordinary writ of *mandamus* is not issued as a matter of right, but only in the sound discretion of this court. (*People ex rel. Norwegian-American Hospital, Inc. v. Sandusky*, 21 Ill. 2d 296, 299-300.) It has been recognized as an appropriate remedy to correct a ruling made by a court which has erroneously assumed jurisdiction it did not possess. (*People ex rel. Woll v. Graber*, 394 Ill. 362; *People ex rel. Benefit Association of Railway Employees v. Miner*, 387 Ill. 393; *People ex rel. Courtney v. Thompson*, 358 Ill. 81, 92.) Specifically, *mandamus* has been used to purge a trial court's records of a void order which deprived a petitioner of rights under a judgment.

(*People ex rel. Waber v. Wells*, 255 Ill. 450.) On the other hand this extraordinary writ is not to be regarded as a substitute for the ordinary channels of appeal and writ of error, and will not generally lie to correct mere judicial error in matters that the trial court had jurisdiction to decide, or to control the exercise of judicial discretion. *People ex rel. Barrett v. Shurtleff*, 353 Ill. 248; *People ex rel. Hoagland v. Streeper*, 12 Ill. 2d 204."

In the instant case, the question with which we are concerned is not whether the judges' orders were discretionary or ministerial, but rather whether Judge Laurie and Judge McNulty lacked the power to enter them. In this case, Judge Laurie and Judge McNulty were without jurisdiction to enter them. (*People v. Baker* (1980), 85 Ill. App. 3d 661, 662.) "*Mandamus* may properly be invoked to expunge a judgment which is void for want of jurisdiction." (*People ex rel. Daley v. Schreier* (1982), 92 Ill. 2d 271, 275.) "An original writ of *mandamus* will lie to direct a lower court to expunge from its records a void order entered by it without jurisdiction." (*People ex rel. Ward v. Salter* (1963), 28 Ill. 2d 612, 615; *People ex rel. Harrod v. Illinois Courts Com.* (1977), 69 Ill. 2d 445, 462.) A writ of *mandamus* may also be issued to command an inferior court to obey the opinion and mandate of a reviewing court. *People ex rel. Bauer v. Henry* (1957), 10 Ill. 2d 324.

Accordingly, we hold that a writ of *mandamus* shall issue (1) directing Judge Laurie to vacate and expunge his order of August 19, 1983, and (2) directing Judge McNulty to vacate and expunge her order of June 7, 1984. However, in this case, there is a question regarding whether Evans validly waived his right to a jury trial, a constitutional right. There was an actual finding by the original trial judge, Judge Laurie, based on the transcript of the trial and on the testimony of Evans at the hearing on the motion for a new trial, that Evans

never did validly waive his constitutional right to a jury trial. However, Judge Laurie was without jurisdiction. Therefore, this court under its supervisory authority, remands this cause to the circuit court of Cook County for an evidentiary hearing to determine whether Evans validly waived his constitutional right to a jury trial.

Accordingly, for all the reasons stated, the writ of *mandamus* shall issue directing Judge Laurie and Judge McNulty to vacate their respective orders, and this cause is remanded to the circuit court of Cook County for an evidentiary hearing.

*Writ awarded;*
*cause remanded,*
*with directions.*

JUSTICE MORAN took no part in the consideration or decision of this case.