(No. 65895.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. VINCENT WILLIAMS, Appellee.

*Opinion filed September 22, 1988.*

302

Neil F. Hartigan, Attorney General, of Springfield, and Richard M. Daley, State's Attorney, of Chicago (Terence M. Madsen, Assistant Attorney General, of Chicago, and Kenneth T. McCurry, Vickie Voukidis, Inge Fryklund and Patricia Y. Brown, Assistant State's Attorneys, of counsel), for appellant.

Randolph N. Stone, Public Defender, of Chicago (Karen E. Tietz and Ronald P. Alwin, Assistant Public Defenders, of counsel), for appellee.

JUSTICE RYAN delivered the opinion of the court:

This is a direct appeal by the State from a ruling by a judge of the circuit court of Cook County holding section 114—5(c) of the recently enacted substitution-of-judge statute unconstitutional (Ill. Rev. Stat. 1987, ch. 38, par. 114—5(c) (as amended, effective July 1, 1987)). The statute provides:

> "(c) Within 10 days after a cause has been placed on the trial call of a judge the State may move the court in writing for a substitution of that judge on the ground that such judge is prejudiced against the State. Upon the filing of such a motion the court shall proceed no further in the cause but shall transfer it to another judge not named in the motion. The State may name only one judge as prejudiced, pursuant to this subsection." (Ill. Rev. Stat. 1987, ch. 38, par. 114—5(c).)

The trial judge ruled that this statute violated the principles of separation of powers and due process of law.

The State brought this appeal under Supreme Court Rule 603 (107 Ill. 2d R. 603). Neither party raised the issue of whether an interlocutory ruling such as this one is appealable under Rule 603. (See Ill. Ann. Stat., ch. 110A, par. 603, Historical & Practice Notes (Smith-Hurd 1985); see also Ill. Const. 1970, art. VI, §§4(b), 6.) We find it unnecessary to consider this question, as we view this case as an appropriate one for the exercise of our supervisory authority. Ill. Const. 1970, art. VI, §16; *Brokaw Hospital v. Circuit Court of McLean County* (1972), 52 Ill. 2d 182.

The defendant, Vincent Williams, was arraigned on August 11, 1987, for attempted murder, aggravated battery and armed violence. The case was assigned to a

judge for trial. On August 18, 1987, the People presented a written motion pursuant to section 114—5(c) of the Code of Criminal Procedure of 1963 for substitution of judge. The judge denied the motion on constitutional grounds. He ruled the statute violated the separation of . powers clause of the Illinois Constitution (Ill. Const. 1970, art. II, §1), and interfered with the exercise of judicial powers granted to the judiciary in article VI, section 7(c) and section 16, of our Constitution (Ill. Const. 1970, art. VI, §§7(c), 16), because it allows the State's Attorney to impermissibly interfere with the judicial power to assign judges to hear cases and gives the State unbridled discretion to reject the assignment of any judge to a particular case. The trial judge further ruled that this would result in the State's ability to intimidate certain judges by constantly seeking their removal from assigned cases and would encroach upon the independence of the judiciary to administer its own judicial function. Furthermore, the judge held that the statute violates a defendant's due process rights, because it allows the State to forum shop for a judge that may be biased against the defense. We disagree with the judge's analysis and reverse his ruling.

The Illinois Constitution provides: "The legislative, executive and judicial branches are separate. No branch shall exercise powers properly belonging to another." (Ill. Const. 1970, art. II, §1.) Our court has often referred to the principles established in *Field v. People ex rel. McClernand* (1839), 3 Ill. (2 Scam.) 79, 83-84, when it considers separation of powers issues. There, our court stated:

"The first and second sections of the first article of the constitution [Ill. Const. 1818, art. I, §§1, 2] divide the powers of government into three departments, the legislative, executive, and judicial, and declare that neither of these departments shall exercise any of the powers prop-

erly belonging to either of the others, except as expressly permitted. This is a declaration of a fundamental principle; and although one of vital importance, it is to be understood in a limited and qualified sense. It does not mean that the legislative, executive, and judicial power should be kept so entirely separate and distinct as to have no connection or dependence, the one upon the other; but its true meaning, both in theory and practice, is, that the whole power of two or more of these departments shall not be lodged in the same hands, whether of one or many. That this is the sense in which this maxim was understood by the authors of our government, and those of the general and state governments, is evidenced by the constitutions of all. In every one, there is a theoretical or practical recognition of this maxim, and at the same time a blending and admixture of different powers. This admixture in practice, so far as to give each department a constitutional control over the other, is considered, by the wisest statesmen, as essential in a free government, as a separation."

In 1974, our court reaffirmed these general principles in *City of Waukegan v. Pollution Control Board* (1974), 57 Ill. 2d 170, which has been frequently cited by this court (see, *e.g., People v. Walker* (1988), 119 Ill. 2d 465; *People v. Joseph* (1986), 113 Ill. 2d 36; *Strukoff v. Strukoff* (1979), 76 Ill. 2d 53). In *People v. Walker* (1988), 119 Ill. 2d 465, our court applied these principles relating to separation of powers in holding subsection (a) (Ill. Rev. Stat. 1985, ch. 38, par. 114—5(a)) of the substitution-of-judge statute constitutional. Subsection (a) gives the defendant a statutory right to substitute a judge, similar to that given to the State in subsection (c) now under consideration. The reasoning in *Walker*, as it relates to the separation of powers issue, is helpful in deciding the case before us.

As we noted in *Walker*, all legislation carries with it a strong presumption of constitutionality. (*People v. Walker* (1988), 119 Ill. 2d 465, 474; *Sanelli v. Glenview*

*State Bank* (1985), 108 Ill. 2d 1, 20.) Section 114—5(c), at issue here, is no exception. The legislature cannot enact statutes "solely concerning court administration or the day-to-day business of the courts" (*People v. Walker* (1988), 119 Ill. 2d 465, 475; *People v. Joseph* (1986), 113 Ill. 2d 36, 42), but may enact statutes complementing the authority of the judiciary (*People v. Walker* (1988), 119 Ill. 2d 465, 475; *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 281). If legislation conflicts with a rule of the judiciary, our court will seek to reconcile the legislation with the judicial rule. (*People v. Walker* (1988), 119 Ill. 2d 465, 475; *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 281.) Where, however, a statute "directly and irreconcilably conflicts with a rule of this court on a matter within the court's authority," the rule will prevail over the statute. *People v. Walker* (1988), 119 Ill. 2d 465, 475.

The defendant in this case contends that section 114—5(c) directly conflicts with our Rule 21(b). Rule 21(b) states:

> "(b) General Orders. The chief judge of each circuit may enter general orders in the exercise of his general administrative authority, including orders providing for assignment of judges, general or specialized divisions, and times and places of holding court." 107 Ill. 2d R. 21(b).

The defendant argues that section 114—5(c) interferes with the right of the chief judge of each circuit to provide for the assignment of judges by giving the prosecution a "veto power" over any assignments made. This argument is answered by our holding in *Walker*, where we stated:

> "The automatic-substitution-of-judge provision makes clear that its protections may be invoked only *after* assignment is made and then only 'within 10 days after' the case has been placed on the trial calendar of the assigned

judge. (Ill. Rev. Stat. 1985, ch. 38, par. 114—5(a).) Thus, we are unable to say that section 114—5(a) conflicts with the judicial authority of assignment." (Emphasis in original.) (*People v. Walker* (1988), 119 Ill. 2d 465, 477.)

Similar to section 114—5(a), section 114—5(c) may be utilized only *after* assignment of the case to a particular judge. Consequently, we hold that 114—5(c) does not conflict with Rule 21(b).

In addition to not conflicting with a rule of this court, section 114—5(c) does not violate separation of powers principles by impermissibly infringing on the role of the judiciary. In *People v. Joseph* (1986), 113 Ill. 2d 36, we held that while the legislature may not encroach upon a fundamental judicial prerogative, it may pass legislation which has a peripheral effect on judicial administration. Statutes which only peripherally affect the judicial branch do not violate the separation of powers clause of our Constitution (Ill. Const. 1970, art. II, §1), because separation of powers allows for the branches of government to overlap and share certain functions. (*Gillespie v. Barrett* (1938), 368 Ill. 612, 614; *People ex rel. Witte v. Franklin* (1933), 352 Ill. 528, 534.) So long as the legislature does not "unduly encroach[ ] upon the inherent powers of the judiciary," it may pass laws relating to and affecting judicial functions. (*People v. Walker* (1988), 119 Ill. 2d 465, 474.) We find that section 114—5(c) only peripherally affects the role of the judiciary and therefore does not violate separation of powers.

It is urged upon us that *Joseph* should control the present case. In *Joseph*, we found that the Post-Conviction Hearing Act violated the separation of powers doctrine, because it unduly infringed on the power of the judiciary to assign judges pursuant to Supreme Court Rule 21(b) and in fact precluded the assignment of an entire class of circuit judges. (*People v. Joseph* (1986), 113 Ill. 2d 36.) The defendant contends that *Walker* is distin-

guishable from this present case because it involved Rule 21(a), whereas the present case and *Joseph* involve Rule 21(b). We find this distinction invalid, because unlike *Joseph*, where the statute involved *directly* interfered with the assignment of judges, here, as in *Walker*, there is no such direct interference. It is irrelevant which subsection of Rule 21 is involved, as there is no impermissible conflict between the rule and the statute. Finally, unlike *Joseph*, where the legislation itself infringed upon the role of the judiciary, here it is not the legislation itself, but rather the exercise of rights under the legislation which touches upon judicial administration.

The defendant further contends that section 114—5(c) violates his due process rights. Both the United States and the Illinois Constitutions guarantee litigants procedural due process. (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, §2.) Procedural due process requires a fair trial in a fair tribunal, with an absence of any actual bias. (*In re Murchison* (1955), 349 U.S. 133, 136, 99 L. Ed. 942, 946, 75 S. Ct. 623, 625.) Neither judge nor jury may be predisposed as to the outcome of a case. (*Witherspoon v. Illinois* (1968), 391 U.S. 510, 521, 20 L. Ed. 2d 776, 784, 88 S. Ct. 1770, 1776.) Our court has held that a fair trial is a fundamental right in all criminal prosecutions, and if this right is violated, it is a denial of due process. (*People v. Finn* (1959), 17 Ill. 2d 614.) "Every procedure which *** might lead [a judge] not to hold the balance nice, clear and true between the State and the accused denies the latter due process of law." *Tumey v. Ohio* (1927), 273 U.S. 510, 532, 71 L. Ed. 749, 756, 47 S. Ct. 437, 444.

Nevertheless, while the balance between the State and the defendant must be "nice, clear and true," due process requires only an impartial judge, not a choice of judge. A litigant does not have the right under due process to have his case heard by a particular judge.

(*United States v. Braasch* (7th Cir. 1974), 505 F.2d 139, 147, *cert. denied* (1975), 421 U.S. 910, 43 L. Ed. 2d 775, 95 S. Ct. 1562; *United States v. Dichiarinte* (7th Cir. 1967), 385 F.2d 333, 337, *cert. denied sub nom. Mastro v. United States* (1968), 390 U.S. 946, 19 L. Ed. 2d 1134, 88 S. Ct. 1029.) When it exercises its right to a substitution of judge under section 114—5(c), the State is not seeking a particular judge, only an impartial one. Conversely, the defendant has no due process right to defeat this substitution motion, because he too has only the right of impartiality. If the State moves for substitution of judge, and the defendant feels that the substituted judge could not be impartial towards him, he can always make his own motion to substitute under section 114—5(a) or for cause under section 114—5(d). Accordingly, we find no merit in defendant's denial-of-due-process argument.

Furthermore, although the provisions regarding the substitution of judges are to be liberally construed (*Board of Education v. Morton Council, West Suburban Teachers Union, Local 571* (1972), 50 Ill. 2d 258), abuse of these statutory rights should not go unremedied, and remedies have been found for abuses under the former statute. For instance, when motions for substitution of judge were made solely for the purpose of delaying or avoiding trial, the court properly denied the motions. (*Hoffman v. Hoffman* (1968), 40 Ill. 2d 344, 348; *People v. Beamon* (1962), 24 Ill. 2d 562, 564.) Similarly, if any of the abuses by the prosecution, which the defendant predicts, should materialize, the courts or the legislature will deal with these when and as they arise.

Finally, we note that several of our sister States allow the State to substitute a judge utilizing statutes similar to our section 114—5(c). See, *e.g., State of Arizona v. City Court of Tucson* (1986), 150 Ariz. 99, 722 P.2d 267; *State ex rel. Jeffries v. Laurence Circuit Court*

310

(Ind. 1984), 467 N.E.2d 741; *Main v. State* (Alaska 1983), 668 P.2d 868; *Solberg v. Superior Court* (1977), 19 Cal. 3d 182, 561 P.2d 1148, 137 Cal. Rptr. 460.

For the reasons stated above, the ruling of the circuit court of Cook County holding section 114—5(c) unconstitutional is reversed, and the cause is remanded for further proceedings.

*Reversed and remanded.*