Docket No. 81040–Agenda 2–January 1998.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. FRANK BOUNDS, Appellant.

JUSTICE HEIPLE delivered the opinion of the court:

Defendant's conviction for murder and sentence of death were affirmed by this court on direct appeal. 
People v. Bounds
, 171 Ill. 2d 1 (1995). Defendant's additional convictions of aggravated kidnapping and aggravated criminal sexual assault were also affirmed. Defendant subsequently filed a petition for post-conviction relief and later obtained leave to file an amended post-conviction petition. The State moved to dismiss the post-conviction petition. At a scheduled status hearing on March 28, 1996, with no amended post-conviction petition filed, the circuit court granted the State's motion to dismiss. On April 26, 1996, defendant filed both a motion for reconsideration and a notice of appeal. Defendant's motion for reconsideration was denied by the trial court on May 5. We reverse and remand.

ANALYSIS

Initially, we address, 
sua sponte
, the jurisdiction of the trial court in the instant case. 
Eastern v. Canty
, 75 Ill. 2d 566, 570 (1979). Although a direct appeal is automatically perfected in capital cases, an appeal from the denial or dismissal of a post-conviction petition is only perfected through the filing of a notice of appeal. Furthermore, though post-conviction proceedings are civil in nature, appeals therefrom shall be in accordance with the rules governing criminal appeals. 134 Ill. 2d R. 651(d). In this case, defendant filed a notice of appeal simultaneously with his motion for reconsideration. At oral argument, the question was raised as to the jurisdictional impact the simultaneous filing would have on this court’s jurisdiction.

This court's holding in 
Daley v. Laurie
, 106 Ill. 2d 33 (1985), is dispositive of the issue. In 
Daley
, the criminal defendant filed a motion for new trial on the same day he filed a notice of appeal. The trial court granted the motion for new trial, and we held that improper, stating that the jurisdiction of the appellate court attaches upon the proper filing of a notice of appeal. When the notice of appeal is filed, the appellate court's jurisdiction attaches 
instanter, 
and the cause is beyond the jurisdiction of the trial court. 
Daley
, 106 Ill. 2d at 37. In the case at bar defendant similarly filed a motion for reconsideration simultaneously with his notice of appeal. Accordingly, the notice of appeal divested the circuit court of jurisdiction, and the jurisdiction of this court attached 
instanter
.

Turning to the merits of the dismissal of the post-conviction petition, defendant asserts that the trial court denied him a full and fair opportunity to present his claims in violation of his right to due process of law by dismissing his post-conviction petition without proper notice and before he was able to complete discovery. U.S. Const., amend. XIV; Ill. Const. 1970, art. I, §§2, 8. Defendant’s post-conviction counsel, Ronald Haze, filed a four-count petition for post-conviction relief on June 30, 1995. Two weeks later, the court granted leave to file an amended post-conviction petition by October 3, 1995. Haze requested the time to amend the petition because both defendant’s trial attorney and the State had lost defendant’s trial record. On September 20, 1995, the State filed a motion to dismiss the post-conviction petition. The court continued the State’s motion to dismiss and granted a motion for discovery Haze had filed on September 11. Haze thereafter subpoenaed records from the Chicago police department. At the next court date, November 14, Haze requested a continuance because the Chicago police department had not yet complied with the subpoena. The court continued the case until December 6. On December 6 the State announced that it had located defendant’s trial record, which it turned over to the defense along with a set of police reports. The following colloquy then ensued:

“Mr. Haze: Well, this isn't a tentative file, judge, what I would like to do, we can grant leave to file an amended complaint, I would like to read these over and follow-up such leads as there are in these materials, and perhaps we can come in, either for, we can get, let's see, to amend the complaint and do our investigation, I would estimate three months for either status or filing date, either way, if we need a little bit more time, we can come in just before the three months, but like at least, the three months.

The Court: No problem. Mr. Bounds isn't going anywhere, I'm going to be here so give me a date.

Mr. Corkell [assistant State's Attorney]: How about the 28th of March, judge?

Mr. Haze: Okay, at this point, be for the filing of the amended complaint, judge.

The Court: Status, you come on in and tell be what you have to do, that's all.”

On March 28, Haze appeared in court with a new discovery motion and a motion for an additional continuance. The court noted these two motions, but without ruling on them granted the State’s motion to dismiss the post-conviction petition without argument.

Defendant contends that the trial court’s ruling dismissing his post-conviction petition without proper notice denied him due process of law. Specifically, defendant asserts that he was entitled to rely on the court’s order granting him the right to file an amended petition and on the court’s statement that the March 28 court date was for status. Defendant maintains that he had no notice that the court would rule on the State’s motion to dismiss on the status date, and that the trial court’s decision to do so was fundamentally unfair.

In the instant case, the trial court instructed the parties that the next court date would be for status only. Defense counsel, in accordance with this information, came prepared for a status call, only to be surprised when the trial court, without prior notice, granted the State's motion to dismiss. A trial court's discretion in resolving post-conviction petitions does not allow the court to convert a status call to a hearing on the merits without notice to the parties. The scheduled hearing in the case was for a status report only. There was no notice to defendant's counsel that defendant's post-conviction petition would be ruled upon. The procedure followed thus violated defendant's right to procedural due process under the Illinois Constitution. Ill. Const. 1970, art. I, §2.

Accordingly, we reverse and remand to the circuit court for further proceedings.

Reversed and remanded.