12 September 2000

NO. 4-99-0572

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,   ) Appeal from

Plaintiff-Appellee,    ) Circuit Court of

v.    ) Douglas County

JERRY A. GITCHEL,    ) No. 98CF14

Defendant-Appellant.    )

    ) Honorable

    ) Frank W. Lincoln,

    ) Judge Presiding.

_________________________________________________________________

JUSTICE MYERSCOUGH delivered the opinion of the court:

In February 1998, defendant pleaded guilty to one count of burglary (720 ILCS 5/19-1 (West 1998)), and the trial court sentenced him to 12 months' probation with 10 weekends of peri

odic imprisonment and fined him $300.  In February 1999, the court revoked defendant's probation, and in June 1999, the court resentenced him to 3 years' imprisonment with 30 days' credit for time served in the county jail as part of his probation sentence.  Defendant appeals, contending that (1) he is entitled to (a) an additional 9 days' sentence credit for time spent in jail await

ing sentencing and (b) a corresponding $45 credit against his fine; and (2) the case should be remanded for a hearing on his postsentencing motion, which was filed on July 6, 1999, simultaneously with his notice of appeal, but which the trial court did not consider.  We affirm as modified and remand with directions.

I. PERIODIC IMPRISONMENT EQUATES TO 

SENTENCE CREDIT FOR DURATION OF ITS TERM

The record reflects, and the State concedes, defendant was incarcerated for 39 days prior to sentencing on revocation of probation, but the trial court credited him with only the last 30 days.  However, where a defendant serves jail time on weekends under a sentence of 
periodic imprisonment
 (730 ILCS 5/5-7-1 (West 1998)), he is entitled to credit for all the days during that period, and not just for time actually spent in confinement.  
People v. Scheib
, 76 Ill. 2d 244, 254-55, 390 N.E.2d 872, 876-77 (1979); 
People v. Hutchcraft
, 215 Ill. App. 3d 533, 539, 574 N.E.2d 1337, 1340-41 (1991).  The governing statutory provisions are explicit.  Section 5-7-1(d) of the Unified Code of Correc

tions (Unified Code) (730 ILCS 5/5-7-1(d) (West 1998)) provides:  "The term of the sentence shall be calculated upon the basis of the duration of its term rather than upon the basis of the actual days spent in confinement."  Section 5-7-2(c) of the Unified Code states: "That part of the term under paragraph (d) of [s]ection 5-7-1 which has been served under the sentence of periodic imprisonment shall be credited against a sentence of imprison

ment."  730 ILCS 5/5-7-2(c) (West 1998).  Sentence credit is generally considered under section 5-8-7(b) of the Unified Code (730 ILCS 5/5-8-7(b) (West 1998) ("shall be given credit *** for time spent in custody as a result of the offense for which the sentence was imposed")); crediting for periodic imprisonment is an exception, however, more specifically addressed by the afore

mentioned sections, which control as to the duration of its term. 

Counting from February 27, 1998, through May 3, 1998, the last day of 10 weekends of periodic imprisonment, plus 9 days served prior to that, yields 75 days of credit.  Accordingly, defendant is entitled to an additional 45 days of sentence credit.  We note that the form judgment of sentence used here may contribute to the problem, as item C states "The defendant is entitled to credit for time actually served in custody of ___ days."  This form could be updated to provide, for example, as follows:

C.(1) The defendant is entitled to time served on periodic imprisonment for the dura

tion of its term from ___ to ___, for a total of ___ days;

(2) the defendant is entitled to credit for time served awaiting sentence on a bail

able offense of ___ days; and a corresponding credit against $___ fine of $___ ($5/day); and

(3) the defendant is entitled to credit for other time actually served in custody of ___ days.

II. CREDIT AGAINST FINE FOR TIME AWAITING

SENTENCE FOR BAILABLE OFFENSE

Defendant is further entitled to a corresponding $45 credit against the fine imposed for 9 days served awaiting sentence on the bailable offense of burglary.  
People v. Woodard
, 175 Ill. 2d 435, 453-57, 677 N.E.2d 935, 944-46 (1997).

III. NO REMAND FOR HEARING ON POSTTRIAL MOTION

FILED WITH NOTICE OF APPEAL

Finally, defendant contends that the case should be remanded for a hearing on his postsentencing motion to withdraw his plea in which he inartfully alleged he received ineffective assistance of counsel that resulted in his admission to the allegations of the petition to revoke probation.  We disagree.  In 
People v. Bounds
, 182 Ill. 2d 1, 3, 694 N.E.2d 560, 561 (1998), the supreme court held that the jurisdiction of the appellate court attaches 
instanter
 when a defendant simulta

neously files a notice of appeal and a postsentencing motion.  Since the trial court was without jurisdiction to consider the postsentencing motion, it is rendered, in effect, a nullity.  It necessarily follows that such a motion does not reside in legal limbo only to be resurrected at the conclusion of appellate review.  If the trial court was without jurisdiction to consider the motion when it was filed, it is without jurisdiction to consider it now.

Before concluding, we note that the Second District Appellate Court recently refused to apply 
Bounds
 in a case where defendant filed a notice of appeal five days before filing a motion to reconsider sentence.  
People v. Clark
, 314 Ill. App. 3d 181, 182-84, ___ N.E.2d ___, ___ (2000).  In doing so, the court reasoned that (1) 
Bounds
 involved a postconviction appeal rather than a direct appeal following conviction, (2) the motion and the notice of appeal were not filed simultaneously, and (3) the substance of the motion involved a challenge to defendant’s sentence, which was governed by section 5-8-1(c) of the Unified Code (730 ILCS 5/5-8-1(c) (West 1998)), which provides:

"If a motion filed pursuant to this subsection [to reconsider sentence] is timely filed within 30 days after the sentence is imposed, then for purposes of perfecting an appeal, a final judgment shall not be consid

ered to have been entered until the motion to reduce a sentence has been decided by order entered by the trial court."  730 ILCS 5/5-8-1(c) (West 1998).

In doing so, the court was critical of the fact that the supreme court "did not acknowledge any of the appellate court decisions that were decided before 
Bounds
 and that reached a contrary conclusion."  
Clark
, 314 Ill. App. 3d at 182, ___ N.E.2d at ___.

We find that the stated rationale in 
Clark
 does not withstand close scrutiny and, in any event, it does not affect the result in this case.  In the first instance, the supreme court in 
Bounds
 drew no distinction between postconviction and direct appeals following trial proceedings.  To the contrary, the court specifically based its ruling on an interpretation of how criminal rules governing appeals operate.  Implicit in that determination is the conclusion that they operate uniformly for all cases to which they apply.  The 
Clark
 court also failed to note that 
Daley v. Laurie
, 106 Ill. 2d 33, 35-36, 476 N.E.2d 419, 420-21 (1985), which the supreme court found controlling in 
Bounds
, arose from a direct appeal following a conviction for unlawful use of weapons in which defendant filed a motion for a new trial and a notice of appeal on the same day. 

We also reject the 
Clark
 court’s conclusion that a different result obtains when the postjudgment motion involves a request to reconsider sentence.  Initially, we note that such a motion is entirely appropriate in a postconviction petition setting when, for instance, defendant must be resentenced after a determination that the original sentencing order was void.  This undercuts the conclusion in 
Clark
 that an artificial, blanket distinction exists for disparate treatment of postconviction and direct appeals.  In addition, we fail to see how a statute that purports to determine when an appeal may be taken trumps a supreme court rule that requires a different result.  It is axiomatic that when a statute conflicts with a supreme court rule on a matter of procedure, the court rule governs.  
People ex rel. Stamos v. Jones
, 40 Ill. 2d 62, 65-66, 237 N.E.2d 495, 497-98 (1968); 
People v. Williams
, 124 Ill. 2d 300, 306, 529 N.E.2d 558, 560 (1988).  Rather than tacitly creating a conflict between the statute and rule, as we believe the 
Clark
 court does, the statute and rule must be read in harmony so that the statute applies unless superseded by the rule governing the filing of a criminal notice of appeal.

We also fail to see why the fact that the posttrial motion and notice of appeal were filed on different days serves to distinguish the situation in 
Clark
 from that in 
Bounds
.  If anything, the last-filed document would seem to be a clearer reflection of the filer’s intent.  In 
Clark
, defendant filed a 
pro
 
se
 notice of appeal, counsel filed the motion to reconsider sentence five days later and defendant filed a second 
pro
 
se
 notice of appeal two weeks later.  Applying the reasoning, cited with approval in 
Clark
, to the effect that a subsequently filed posttrial motion serves as an implicit dismissal of a previously filed notice of appeal (
Clark
, 314 Ill. App. 3d at 185, ___ N.E.2d at ___) would appear to dictate that a subsequently filed notice of appeal serves as an abandonment of a previously filed posttrial motion.

The court in 
Clark
 also rejected this court’s applica

tion of 
Bounds
 in a direct appeal case, 
People v. Jenkins
, 303 Ill. App. 3d 854, 709 N.E.2d 265 (1999), in part because it concluded that we followed 
Bounds
  "reluctantly" and with "hesi

tation."  
Clark
, 314 Ill. App. 3d at 183-84, ___ N.E.2d at ___.  Even if that characterization is accurate, displeasure with the precedent provides no license to evade it.  Only the supreme court has the authority to modify the operation of its rules of appellate procedure.  Significantly it has done so, addressing this precise issue, through a recent amendment to Rule 606(b).  See Official Reports Advance Sheet No. 22 (November 3, 1999), R. 606(b), eff. December 1, 1999.  As amended, the rule now pro

vides:

"When a timely post[]trial or post[]sen­tenc­

ing motion directed against the judgment has been filed by counsel or by defendant, if not represented by counsel, any notice of appeal filed before the entry of the order disposing of all pending post[]judgment motions shall have no effect and shall be stricken by the trial court.  ***  This rule applies whether the timely post[]judgment motion was filed before or after the date on which the notice of appeal was filed."

Finally, irrespective of our rejection of 
Clark
, its holding and rationale have no application to this case.  As in 
Bounds
, defendant filed a posttrial motion and a notice of appeal simultaneously, rather than days apart.  In addition, the post­

trial motion here did not raise any sentencing issue for recon

sideration.  Rather, defendant alleged trial counsel was ineffec

tive for allowing him to stipulate to the existence of other offenses he committed that formed the basis for revoking his probation.  Hence, section 5-8-1(c) of the Unified Code simply does not apply.

IV. CONCLUSION

Accordingly, we affirm the order revoking defendant's probation.  The cause is remanded with directions to amend the judgment order to reflect defendant's entitlement to an addi

tional 45 days of sentence credit for time served, for 75 days total, and a $45 credit against his fine.

Affirmed as modified and remanded with directions.

GARMAN, J., concurs.

COOK, P.J., dissents.

PRESIDING JUSTICE COOK, dissenting:

The supreme court in 
Bounds
 held that when a motion to reconsider is filed simultaneously with a notice of appeal, the jurisdiction of the reviewing court attaches 
instanter
, and the trial court may not consider the motion to reconsider.  
Bounds
, 182 Ill. 2d at 3, 694 N.E.2d at 561 (involving a direct appeal to the supreme court from the dismissal of a postconviction peti

tion).  Failure to consider the motion to reconsider in 
Bounds
 had little significance.  The supreme court simply addressed the original order on its merits, reversing the dismissal of the petition.  In 
People v. Jenkins
, 303 Ill. App. 3d 854, 709 N.E.2d 265 (1999), in contrast, we applied 
Bounds
 to prevent trial court consideration of a postsentencing motion, a motion which was very significant.  After we ruled that the postsentencing motion could not be considered by the trial court, we found that the sentenc

ing issues were forfeited for failure to file a timely postsen-

tencing motion in the trial court.  
Jenkins
, 303 Ill. App. 3d at 860-61, 709 N.E.2d at 269.  We apply the same reasoning to deprive defendant of his appeal in this case.

I respectfully dissent.  The majority applies 
Bounds
 far beyond what was intended by the supreme court.  I would remand this case to the trial court for consideration of defen

dant's postsentencing motion and the other issues addressed by the majority.

Supreme Court Rule 303(a)(2) (155 Ill. 2d R. 303(a)(2) (effective February 1, 1994)) provides that the timely filing of a posttrial motion, even if it is preceded by the filing of a notice of appeal, requires that the notice of appeal be withdrawn and the posttrial motion heard by the trial court.  Rule 303(a)(2) is a civil rule, but it has been applied in criminal cases.  See, 
e.g.
, 
People v. Neal
, 286 Ill. App. 3d 353, 354-55, 675 N.E.2d 130, 131 (1996); 
People v. Rowe
, 291 Ill. App. 3d 1018, 1020, 684 N.E.2d 1368, 1370 (1997).  We should follow those cases here.

Finally, the supreme court amended Rule 606(b), effec

tive December 1, 1999, to make it clear that postsentencing motions in cases like this should be heard, and the notice of appeal should have no effect.  Official Reports Advance Sheet No. 22 (November 3, 1999), R. 606(b), eff. December 1, 1999.  
Jenkins
 was wrong, and the supreme court has now said so.  We should not follow it.