THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RALPH WILLIAMS, Defendant-Appellant.

Fourth District    No. 4—99—0747

Opinion filed February 7, 2001.

COOK, J., specially concurring.

Daniel D. Yuhas and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Norbert J. Goetten, Robert J. Biderman, and Perry L. Miller, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

In July 1998, a jury convicted defendant of residential burglary (720 ILCS 5/19—3(a) (West 1998)) and, in September 1998, the trial court sentenced him to 15 years' imprisonment. Although defendant indicated he wished to appeal at the conclusion of the sentencing hearing, a timely postsentencing motion was filed by counsel on September 23, 1998. The motion, however, was never called for hearing and the record fails to reveal whether it has ever been ruled on by the trial court. Defendant subsequently filed a *pro se* petition to file late notice of appeal, which this court allowed in September 1999 upon defendant's representation he mistakenly believed a notice of appeal had previously been filed at his request. Defendant made no representations about the existence or pendency of any posttrial proceedings.

On appeal, defendant contends the case should be remanded to allow the trial court to rule on the previously filed but unresolved posttrial motion. The State, in response, conceded the issue. Alternatively, defendant argues the trial court abused its discretion in sentencing him to a lengthy term of imprisonment.

■ On our own we asked the parties to address the applicability of a recent decision of this court, *People v. Gitchel*, 316 Ill. App. 3d 213, 216, 736 N.E.2d 645, 647 (2000), which held appellate jurisdiction at-

taches when a timely notice of appeal is filed, rendering a timely posttrial motion, in effect, a nullity. Having considered the responses filed by the parties, we conclude the unique fact situation present in this case militates against a strict application of *Gitchel*.

■ In this case defense counsel filed the posttrial motion but, for unknown reasons, never called it for hearing. It is not clear defendant even knew the motion was filed (since no proof of service is shown on him) and the record gives no indication defendant was aware that the trial court never considered it. In addition, the only substantive issue raised on appeal concerns defendant's sentence, which is not cognizable absent the filing and resolution of an appropriate posttrial motion.

In these circumstances, we hesitate to penalize defendant for filing a petition for leave to file a late notice of appeal after the lengthy period of inattention to his case and under circumstances of which he may well be unaware. Because the posttrial motion pending below is necessary to preserve the sentencing issue defendant may wish to raise on review (730 ILCS 5/5—8—1(c) (West 1998)), we conclude the petition to file his *pro se* late notice of appeal was improvidently granted and the appeal should be dismissed. See *People v. DeTienne*, 17 Ill. App. 3d 708, 709-10, 309 N.E.2d 38, 39-40 (1974).

Accordingly, we dismiss the appeal as improvidently granted and remand the cause to the circuit court for further proceedings.

Dismissed and remanded.

McCULLOUGH, J., concurs.

JUSTICE COOK, specially concurring:

I concur. I also stand by my dissent in *Gitchel*, 316 Ill. App. 3d at 218, 736 N.E.2d at 649.