NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 190512-U

NO. 4-19-0512

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 3, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macoupin County |
| LANCE M. DAVIDSON, | ) | No. 18TR3143 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Joshua A. Meyer, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices Cavanagh and Harris concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court lacked jurisdiction to hear the matter where the trial court failed to strike defendant's notice of appeal and consider defendant's timely filed postsentencing motion.

¶ 2   The State charged defendant, Lance M. Davidson, with driving on a suspended license. Defendant pleaded guilty and received 178 days in jail. Defendant subsequently filed, on the same day, a notice of appeal and a motion to withdraw his guilty plea. The trial court declined to consider defendant's motion to withdraw his guilty plea, instead directing the circuit clerk to file a notice of appeal.

¶ 3   Defendant appeals, arguing the trial court erred in failing to strike his notice of appeal and consider his postsentencing motion. For the following reasons, we dismiss and remand with directions.

## I. BACKGROUND

On May 27, 2018, the State charged defendant with driving on a suspended license in violation of section 6-303 of the Illinois Vehicle Code (625 ILCS 5/6-303 (West 2018)). After a series of appearances, on July 12, 2019, defendant pleaded guilty to driving while license suspended (625 ILCS 5/6-303 (West 2018)), and he was sentenced to 178 days in jail with credit for 118 days served. On July 15, 2019, defendant mailed a motion to withdraw his guilty plea from the Western Illinois Correctional Center. On July 17, 2019, the circuit clerk stamped and filed defendant's motion to withdraw guilty plea. On the same day, defendant filed a notice of appeal, which said, "motion to withdraw guilty plea and vacate sentence to circuit court if denied Notice of Appeal to Appellate Court." The circuit clerk also stamped and filed the motion to withdraw guilty plea and vacate sentence on July 17, 2019. In a July 18, 2019, docket entry the trial court stated:

> "Defendant has filed a Petition To Withdraw Guilty Plea and
> Vacate Sentence along with a Notice Of Appeal. Since Defendant
> has filed a notice of appeal, this court will not set the Petition to
> Withdraw Guilty Plea and Vacate Sentence for hearing. Clerk is to
> prepare the file for appeal. Clerk to send a copy of this docket
> entry to the attorneys and the Defendant."

This appeal followed.

## II. ANALYSIS

Defendant contends the trial court erred by failing to strike his notice of appeal and consider his petition to withdraw guilty plea and vacate sentence. We agree. For the following reasons, we dismiss and remand.

¶ 9            Defendant's argument relies on the plain language of Illinois Supreme Court Rule 606(b) (eff. July 1, 2017), which provides in pertinent part: "When a timely *** postsentencing motion directed against the judgment has been filed by counsel or by defendant, if not represented by counsel, any notice of appeal filed before the entry of the order disposing of all pending postjudgment motions shall have no effect and shall be stricken by the trial court. *** This rule applies whether the timely postjudgment motion was filed before or after the date on which the notice of appeal was filed." Defendant argues that because his postsentencing motion was timely, the trial court erred when it failed to strike his notice of appeal and declined to consider his postsentencing motion.

¶ 10           The State counters that Rule 606(b) does not apply here because defendant's notice of appeal was simultaneously filed with his post-sentencing motion. Specifically, the State notes *People v. Bounds*, 182 Ill. 2d 1, 3, 694 N.E.2d 560, 561 (1998), where the Illinois Supreme Court held that "[w]hen the notice of appeal is filed, the appellate court's jurisdiction attaches *instanter*." Additionally, the State points to *People v. Gitchel*, 316 Ill. App. 3d 213, 216, 736 N.E.2d 645, 647 (2000), where this court relied on *Bounds* to reach the same conclusion, saying, "Since the trial court was without jurisdiction to consider the postsentencing motion, it is rendered, in effect, a nullity."

¶ 11           In *Bounds*, the defendant simultaneously filed a notice of appeal and a motion for reconsideration. When deciding *Bounds*, the court relied on a prior decision, which held that "when the notice of appeal is filed, the appellate court's jurisdiction attaches *instanter*, and the cause is beyond the jurisdiction of the trial court." *Bounds*, 182 Ill. 2d at 3 (citing *Daley v. Laurie*, 106 Ill. 2d 33, 37, 476 N.E.2d 419, 421 (1985)). The *Bounds* court concluded that because "the jurisdiction of the appellate court attaches upon the proper filing of a notice of

appeal," the simultaneous filing of a notice of appeal and a timely postjudgment motion divests the trial court of jurisdiction. *Bounds*, 182 Ill. 2d at 3.

¶ 12    This court applied the reasoning from *Bounds* in *Gitchel*, where the defendant argued the trial court erred in not considering his postsentencing motion to withdraw his plea. See *Gitchel*, 316 Ill. App. 3d at 215-16. In *Gitchel* we concluded the trial court lacked jurisdiction to hear the postsentencing motion where in *Bounds* our supreme court held, "the jurisdiction of the appellate court attaches *instanter* when a defendant simultaneously files a notice of appeal and a postsentencing motion." *Gitchel*, 316 Ill. App. 3d at 216 (citing *Bounds*, 182 Ill. 2d at 3). There, the defendant's postsentencing motion was "in effect, a nullity" where "the trial court was without jurisdiction to consider [it]." *Gitchel*, 316 Ill. App. 3d at 216.

¶ 13    Defendant asserts that neither *Bounds* nor *Gitchel* apply because both cases were decided before the amendment to Rule 606(b) which states, "[t]his rule applies whether the timely postjudgment motion was filed before or after the date on which the notice of appeal was filed." Ill. S. Ct. R. 606(b) (eff. July 1, 2017). Defendant insists we rely instead on *People v. Dominguez*, 366 Ill. App. 3d 468, 851 N.E.2d 894 (2006), where the Second District held where a defendant simultaneously files a notice of appeal and a motion to reconsider, the notice of appeal is premature and must be stricken. *Dominguez*, 366 Ill. App. 3d at 472, 851 N.E.2d at 899 ("As a result of defendant's timely motion to reconsider, however, the notice of appeal from the dismissal of defendant's postconviction petition, and the amended notice, must be stricken.").

¶ 14    We find persuasive defendant's reference to the language added to Rule 606(b) in 1999. Significantly, the import of the amendment was to ensure the trial court's consideration of timely filed postjudgment motions, irrespective of whether such a motion is filed before or after the proper filing of a notice of appeal. The added language removed any need to determine

whether the proper notice of appeal or timely postjudgment motion was filed first. See Ill. S. Ct. R. 606(b) (eff. Dec. 1, 1999).

¶ 15        Based on Illinois Supreme Court Rule 606(b) (eff July 1, 2017), the trial court should have stricken the notice of appeal and considered the timely postsentencing motion. In this instance, we lack jurisdiction to hear this matter. Thus, we remand the matter to the trial court to rule on defendant's pending timely postsentencing motion.

¶ 16                            III. CONCLUSION

¶ 17        For the reasons stated, we dismiss and remand with directions.

¶ 18        Dismissed and remanded with directions.