**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 180400-U

Order filed February 16, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Marshall County, Illinois. |
| Plaintiff-Appellee, | ) | |
| | ) | Appeal No. 3-18-0400 |
| v. | ) | Circuit No. 17-CF-38 |
| | ) | |
| TOMAS L. ORTIZ III, | ) | |
| | ) | Honorable Stephen A. Kouri, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SCHMIDT delivered the judgment of the court.
Justices Daugherity and Wright concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Defendant's *pro se* letter to the circuit court was properly construed as a notice of appeal, such that the court was deprived of jurisdiction to take any further actions.

¶ 2    Defendant, Tomas L. Ortiz III, appeals his conviction for aggravated criminal sexual abuse. Defendant contends that the Marshall County circuit court committed error by failing to address the claims of ineffective assistance of counsel raised in his *pro se* motion for a new trial. He also argues that the court erred in denying that motion. We affirm.

¶ 3                          I. BACKGROUND

¶ 4         A jury found defendant guilty of aggravated criminal sexual abuse (720 ILCS 5/11-1.60(d) (West 2016)). On May 29, 2018, the court sentenced defendant to a term of 42 months' imprisonment. Private counsel represented defendant at trial and sentencing.

¶ 5         One June 25, 2018, the circuit court received a handwritten letter from defendant. The letter stated, in full:

> "I am writing to demand an appeal on my jury trial conviction. I am requesting the appeal based on ineffective counsel, extreme lack of evidence, and overall fact that I am not guilty of alleged offense. My count was Aggravated Criminal Sexual Abuse ***. Case number 2017 CF 38. The judge was Stephen A. Kouri. If I have to I shall represent myself. I would however like to have an appeals lawyer appointed to me. I will not be represented by a Public Defender! I will have a copy of this letter and it will also be notarized. I will send copies to circuit clerk, States Attorney, Attorney that represented me, and keep original notarized copy for myself. I will be asking for a change of venue and a different judge. This is due to the County being too small and I do not believe people can make an unbiased decision after being found guilty. As for the judge, that is a request due to his words to me upon sentencing. Also, I do not believe an appeal hearing can be fair when most all jurors know the states attorney and are predominantly white. I am Hispanic and feel as though my race played a factor in verdict as well. Please make no mistake, I am to be taken seriously on this matter. All of it."

The circuit court ordered the preparation of a free transcript for defendant as well as the appointment of the state appellate defender to represent defendant on appeal.

¶ 6                                   II. ANALYSIS

¶ 7        On appeal, defendant asserts that his *pro se* letter to the circuit court was not a notice of appeal, but a motion for a new trial. Accordingly, he argues that the court erred by not conducting a preliminary inquiry into "defendant's claim of ineffective assistance of counsel" and by "denying *** defendant's request for a new trial." The State contends that defendant's letter was a notice of appeal, such that the circuit court lacked jurisdiction to take any of the steps identified by defendant.

¶ 8        Defendant's *pro se* letter is susceptible to only one interpretation. The sentence "I am writing to demand an appeal on my jury trial conviction" is not ambiguous. Defendant references his forthcoming appeal no fewer than four times in the letter. While defendant clearly contemplates a potential future trial, nothing in his letter suggests that it is intended as a posttrial motion. Having properly construed defendant's letter as a notice of appeal, the circuit court was without jurisdiction to take any additional action. *People v. Bounds*, 182 Ill. 2d 1, 3 (1998) ("When the notice of appeal is filed, the appellate court's jurisdiction attaches *instanter*, and the cause is beyond the jurisdiction of the trial court."). The court was thus jurisdictionally unable to conduct any inquiry into defendant's claims of ineffective assistance of counsel. Moreover, the court did not err in "denying" defendant's request for a new trial, as no such request was actually made.

¶ 9        In his reply brief, defendant "acquiesces that the June 25, 2018[,] letter could be determined to be a notice of appeal only." He then pivots to an argument that his claims of ineffective assistance of counsel should not be considered procedurally defaulted—apparently for the purposes of a future collateral proceeding—because the record is inadequate to raise those claims

3

on direct appeal. Such an argument, however, is beyond the scope of this appeal; it will be for a future court to determine whether defendant's still-hypothetical ineffectiveness claims are barred *res judicata*.

¶ 10 Finally, we note that defendant argues that the purported "extreme lack of evidence" at his trial was a ground on which the circuit court should have granted his "request for a new trial." As explained above, no such request was ever made. Defendant declines to make a standalone argument regarding the insufficiency of the evidence, nor does he make any request for reversal of his conviction on that basis. Accordingly, we need not address the sufficiency of the evidence at defendant's trial. See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018) ("Points not argued are forfeited ***.").

¶ 11 III CONCLUSION

¶ 12 For the foregoing reasons, we affirm the judgment of the circuit court of Marshall County.

¶ 13 Affirmed.