# Illinois Official Reports

## Appellate Court

---

### *People v. Jones*, 2013 IL App (1st) 113263

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TRAMAINE JONES, Defendant-Appellant. |
| District & No. | First District, Fifth Division<br>Docket No. 1-11-3263 |
| Filed | December 31, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The dismissal of defendant's *pro se* successive postconviction petition over five years after it was filed was affirmed, since the petition's allegations of improper plea admonitions were procedurally barred, defendant failed to show cause to avoid the default, and there was no need to consider whether any constitutional violation was shown. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 98-CR-22907; the Hon. Thomas M. Davy, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Alan D. Goldberg, and Kathleen A. Hill, all of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Kathleen Warnick, and Michele Grimaldi Stein, Assistant State's Attorneys, of counsel), for the People. |

| Panel | JUSTICE PALMER delivered the judgment of the court, with opinion. |
|---|---|
| | Justices McBride and Taylor concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant, Tramaine Jones,[1] appeals from the September 30, 2011 order of the circuit court dismissing his successive postconviction petition. The summary dismissal of defendant's initial *pro se* postconviction petition was affirmed by this court (see *People v. Jones*, 341 Ill. App. 3d 103 (2003)) (*Jones I*), and ultimately by our supreme court (see *People v. Jones*, 213 Ill. 2d 498 (2004)). The historical path that this case took to the supreme court, including the original proceedings in the trial court where the defendant pled guilty to the charge of attempted first degree murder, postjudgment motions to reduce his sentence and to withdraw the guilty plea, the dismissal of the original *pro se* postconviction petition, the first appeal to this court (*Jones I*) and the granting of leave to appeal to the supreme court, are clearly set forth in our court's previous opinion and the opinion of the supreme court and will not be repeated here.

¶ 2    Our supreme court, in affirming this court's decision in *Jones I*, rejected the defendant's attempt to raise the issue of improper plea admonitions for the first time on appeal after the dismissal of an original postconviction petition.[2] The court noted that section 122-3 of the Illinois Post-Conviction Hearing Act (the Act) provides, "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." *Jones*, 213 Ill. 2d at 504 (quoting 725 ILCS 5/122-3 (West 2000)). Then citing to its recent decision in *People v. Jones*, 211 Ill. 2d 140 (2004), the court acknowledged the following:

[1]Defendant's first name is spelled Termaine, Tremaine, and Tramaine at various points throughout the record. For the sake of consistency we have used the "Tramaine" spelling used in the previous published opinions regarding this matter.

[2]On appeal and for the first time, defendant contended that he was improperly admonished at the time he entered into a negotiated plea of guilty that if he wanted to appeal he first had to file a motion to withdraw his guilty plea or a motion to reconsider his sentence within 30 days. As the supreme court noted in *Jones*, 213 Ill. 2d at 500 n.1:

> "Although the circuit court's admonishment adhered to the text of Rule 605(b)(2), the admonishment was legally inaccurate. As this court explained in *People v. Evans*, 174 Ill. 2d 320, 332 (1996), a defendant can only challenge his sentence following the entry of judgment on a negotiated guilty plea by filing a motion to withdraw the guilty plea, not by filing a motion to reconsider sentence. Rule 605 was amended, effective November 1, 2000, to add subsection (c), which complied with the holding in *Evans*. See 188 Ill. 2d R. 605(c)."

" '[T]his holding does not leave a postconviction petitioner such as defendant entirely without recourse. A defendant who fails to include an issue in his original or amended postconviction petition, although precluded from raising the issue on appeal from the petition's dismissal, may raise the issue in a successive petition if he can meet the strictures of the "cause and prejudice test." ' " *Jones*, 213 Ill. 2d at 508 (quoting *Jones*, 211 Ill. 2d at 148-49).

In holding that this defendant's proper vehicle for his improper admonishment claim is a successive postconviction petition, the court concluded in saying:

"As we noted in *Jones*, when appellate counsel discover errors not raised by their clients during the summary, first-stage postconviction proceedings, the proper course of action for counsel to take is to file a successive petition in which the newly found claim is properly alleged." *Jones*, 213 Ill. 2d at 509 (citing *Jones*, 211 Ill. 2d at 148-49).

In an attempt to follow the supreme court's guidance, the defendant subsequently decided to proceed by way of a successive *pro se* postconviction petition (successive *pro se* petition) Importantly, defendant did not obtain leave to file his successive *pro se* petition as is required by the Act but, rather, filed the same without leave.[3] This successive *pro se* petition alleged that the defendant was "affirmatively misled" by the trial court's erroneous admonishments and also that he received ineffective assistance of counsel when his attorney filed the wrong postplea motion. The defendant's *pro se* successive postconviction petition was received by the circuit court clerk on March 2, 2005. Even though the defendant had filed the successive *pro se* petition without leave, and without discussing the question of whether the defendant had demonstrated cause for his failure to raise these claims in his initial postconviction petition and prejudice resulting from that failure which would excuse a procedural bar, and without determining that the petition alleged the gist of a constitutional claim, the trial court docketed the petition on April 29, 2005 and appointed the public defender. The State filed a motion to dismiss on September 30, 2005.

¶ 3 The matter then languished in the trial court for over five years during which time one assistant public defender (APD) replaced one that had retired, and the case was continued numerous times for the purpose of drafting a supplemental petition. Notably, it was not for five years, until November 19, 2005, that the State raised the question of whether leave was ever granted to file the successive *pro se* petition. The parties noted that the petition was docketed but did not resolve at that time whether leave to file the successive petition was ever granted.

¶ 4 On December 14, 2010, an APD filed a supplemental successive postconviction petition as well as a Rule 651(c) certificate. Ill. S. Ct. R. 651(c) (eff. Dec. 1, 1984). In response, on January 28, 2011, the State filed a second motion to dismiss. This motion, in addition to other arguments, asserted that these claims were procedurally barred, that defendant could not satisfy the cause-and-prejudice test required to excuse the bar, and further that the proceedings

---

[3]See 725 ILCS 5/122-1(f) (West 2004) ("Only one petition may be filed by a petitioner under this Article without leave of the court.").

should be terminated as the *pro se* successive petition was filed without leave. The matter was then continued several times for the defendant to answer the second motion to dismiss.

¶ 5 On August 26, 2011, now more than 6½ years down the road, the APD acknowledged that her review of the record disclosed that even though the court had docketed the successive *pro se* petition, leave had never been granted to file it in the first place. As a result, at that time the APD filed a motion "formally requesting leave to file the successive postconviction petition." The record reflects that the trial court noted that this motion referenced the supreme court's "advising Jones to file a successive post conviction." The trial court then stated, "that may have been why I docketed it advise [*sic*] of [t]he [s]upreme [c]ourt." At this point the trial court stated definitively, "[a]t this time the motion for leave to file successive petition would be allowed." The court further added, "As I said, probably based on the supreme court advising to file a successive petition." Once again, this order was entered with no discussion or findings as to whether the defendant had shown the cause and prejudice necessary to excuse the procedural bar resulting from the defendant not raising his claims earlier. The matter was then continued for a hearing on the State's motion to dismiss, the APD having indicated that she would not be filing a written response.

¶ 6 On September 30, 2011, a hearing was held on the pending motion to dismiss. During argument the State contended, *inter alia*, that the pending claims were procedurally barred as they were not raised in the original postconviction petition and that, "there is no excuse for it. It was in the record." In answer to the trial court's inquiry as to what claim was newly found such that it was not raised in the initial petition, the APD responded that "the newly found issue is Mr. Jones did not know as a lay person that he was given improper admonishments."

¶ 7 At the conclusion of the arguments the trial court granted the State's motion to dismiss on the grounds that the claims brought in the successive postconviction petition were procedurally barred. In so holding the court stated:

> "At this time, I'm going to grant the State's motion relying somewhat on the language in the paragraph that I have been citing as far as newly found claim. Procedurally, this would be barred; and, at this time, the State's motion to dismiss is granted. The successive post-conviction petition is dismissed."

The defendant appeals this dismissal order.

¶ 8 Before this court the defendant makes several claims of error. First, that the trial court violated his due process rights by returning to the question of whether his claims were procedurally barred after it had already granted leave to file the successive petition, and in a related claim that his due process rights were further violated when this question was revisited without notice to the parties, causing his counsel to be unprepared for the hearing. Secondly, defendant claims that the trial court erred by denying him an evidentiary hearing after he had made a substantial showing of a constitutional violation. Next, the defendant claims that the trial court erred in its finding that his claims were not newly discovered and thus were procedurally barred. Lastly, defendant asks this court to excuse his procedural default based on the United States Supreme Court's reasoning in *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012).

¶ 9 The State responds that the trial court correctly considered the question of whether defendant's claims were procedurally barred as they had never been addressed by the trial court at the time leave to file was belatedly granted or, alternatively, that the order granting leave to file could be revisited as it was interlocutory in nature. Further, the State contends that the trial court correctly determined that the defendant had not satisfied the cause-and-prejudice test necessary to avoid the procedural bar resulting from his failure to raise his claims earlier. The defendant's attempt to analogize the reasoning in *Martinez* to these proceedings fails due to procedural differences. Lastly, the State asserts that the defendant failed to make a substantial showing of a constitutional violation and was thus not entitled to an evidentiary hearing. We affirm the trial court's order dismissing this successive postconviction petition as procedurally barred.

¶ 10 The Act provides a mechanism by which those under criminal sentences in this state can assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution or both. *Jones*, 213 Ill. 2d at 503 (citing 725 ILCS 5/121-1 *et seq*. (West 2000)). Proceedings under the Act are commenced by the filing of a petition in the circuit court in which the original proceeding took place. The Act contemplates a three-stage process. *Jones*, 213 Ill. 2d at 503. Section 122-2 of the Act provides that "[t]he petition shall *** clearly set forth the respects in which petitioner's constitutional rights were violated." 725 ILCS 5/122-2 (West 2004). "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122-3 (West 2004). Section 122-2.1 provides that "[i]f the petitioner is sentenced to imprisonment and the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order ***. *** If the petition is not dismissed pursuant to this Section, the court shall order the petition to be docketed for further consideration in accordance with Sections 122-4 through 122-6." 725 ILCS 5/122-2.1(a)(2), (b) (West 2004). A *pro se* litigant need only present the gist of a constitutional claim to survive the summary dismissal stage of section 122-2.1. *Jones*, 213 Ill. 2d at 504. Our supreme court has held that the threshold is a low one, and at this stage defendant need only present a modest amount of detail and need not make legal arguments or cite to legal authority. *Id*. (citing *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996)). Once a petitioner has survived the summary dismissal stage of section 122-2.1, the circuit court can appoint counsel if the petitioner is indigent. *Jones*, 213 Ill. 2d at 504.

¶ 11 The Act contemplates the filing of only one postconviction petition, and any claim not raised in that petition is waived. *People v. Tenner*, 206 Ill. 2d 381, 392 (2002); 725 ILCS 5/122-3 (West 2004). In this case, it is undisputed that defendant did not raise his claims of improper admonishments and ineffective assistance of counsel in his initial postconviction petition and therefore they may be deemed waived. See *People v. Jones*, 191 Ill. 2d 194, 199 (2000).

¶ 12 However, the procedural bar of waiver may be relaxed with respect to successive postconviction petitions when fundamental fairness so requires. *People v. Pitsonbarger*, 205 Ill. 2d 444, 458 (2002). Our supreme court has held that the cause-and-prejudice test is the proper means to determine whether fundamental fairness requires that a claim raised in a

successive postconviction petition may be considered on its merits. See *id.* at 459. Under this test, claims in a successive petition are barred unless defendant can show cause for failing to raise the claim in his initial postconviction petition and prejudice resulting from the failure. 725 ILCS 5/122-1(f) (West 2004). Section 122-1(f) of the Act states:

> "Only one petition may be filed by a petitioner under this Article without leave of the court. Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure. For purposes of this subsection (f): (1) a prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings; and (2) a prisoner shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f) (West 2004).

To show "cause," defendant must demonstrate that "some objective factor external to the defense impeded his ability to raise the claim in the initial post-conviction proceeding." *People v. Tenner*, 206 Ill. 2d 381, 393 (2002). To show "prejudice," defendant must demonstrate that the claimed error so infected his trial that the resulting conviction violated due process. *Id*. Defendant has the burden of establishing both elements of the cause-and-prejudice test in order to prevail. *Pitsonbarger*, 205 Ill. 2d at 464.

¶ 13    Defendant asserts a twofold claim with regard to the trial court's August 26, 2011, order granting leave to file the successive postconviction petition. First, he claims that the trial court's order granting leave to file raises a presumption that it found that the defendant had satisfied the requirements of the cause-and-prejudice test. Additionally, he claims that once that finding was entered the trial court did not have the authority to revisit it.

¶ 14    At the outset we note that the above claims are made without any citation to authority. While defendant cites to section 122-1(f) of the Act for the proposition that leave to file may only be granted if the defendant demonstrates cause and prejudice, he cites no authority for the proposition that an order granting leave to file raises a presumption that this was done. Similarly, the defendant cites to no authority for his claim that an order granting leave to file may never be revisited. See *People v. Ward*, 215 Ill. 2d 317, 332 (2005) ("A point raised in a brief but not supported by citation to relevant authority fails to satisfy the requirements of Supreme Court Rule 341([h])(7) and is therefore forfeited.").

¶ 15    Forfeiture aside, any presumption that the court found that the cause-and-prejudice test was satisfied is rebutted by the record. The Act provides that no successive postconviction petition claims shall proceed unless the petitioner demonstrates cause for his failure to raise those claims in the initial postconviction proceedings and prejudice resulting from that failure. 725 ILCS 5/122-1(f) (West 2004); *People v. Tidwell*, 236 Ill. 2d 150, 157 (2010). " 'In the context of a successive post-conviction petition, however, the procedural bar of waiver is not merely a principle of judicial administration; it is an express requirement of the statute.' " *People v. Smith*, 383 Ill. App. 3d 1078, 1085 (2008) (quoting *Pitsonbarger*, 205 Ill. 2d at 458). The record clearly reflects that unfortunately the trial court was laboring under the misconception that it was instructed by our supreme court to allow the defendant to proceed with a successive

petition. As noted above, during the August 26, 2011, hearing the trial court twice indicated that it was allowing the petition to proceed based on the instruction of our supreme court when the trial court stated, "that may have been why I docketed it advise [*sic*] of [t]he [s]upreme [c]ourt," and later in the same hearing, "[a]s I said, probably based on the supreme court advising to file a successive petition."

¶ 16    In fact, the supreme court did no such thing. To the contrary, our supreme court made it clear that while a successive postconviction petition was the only way for this defendant to proceed, he still must establish cause and prejudice in order to go forward. As noted above, this was made clear when it quoted from its earlier decision in *Jones* and stated,

> " 'A defendant who fails to include an issue in his original or amended postconviction petition, although precluded from raising the issue on appeal from the petition's dismissal, may raise the issue in a successive petition *if he can meet the strictures of the "cause and prejudice test*." [Citation.]
> *** [T]he proper course of action for counsel to take is to file a successive *petition in which the newly found claim is properly alleged*.' " (Emphases added.) *Jones*, 213 Ill. 2d at 508-09 (quoting *Jones*, 211 Ill. 2d at 148-49).

¶ 17    As a result of this misconception, neither at the time of docketing the petition, April 29, 2005, nor at the time of the granting of the belated motion for leave to file, August 26, 2011, did the trial court engage in any analysis or make any findings as to whether the petitioner had established cause and prejudice to avoid the statutory bar.

¶ 18    We therefore find that at the time that leave to file the successive petition was granted no finding had been made that the defendant had satisfied the cause-and-prejudice test. Further, it was incumbent on the trial court to consider the question of whether the claims were procedurally barred as argued by the State. As we find that no finding as to cause and prejudice had been made, we decline to address the interesting issue of whether such a finding can be revisited under the auspices of it being an interlocutory order.

¶ 19    In the event that we were to rule as above, the defendant argues alternatively that he was deprived of due process when the trial court entertained the State's arguments concerning cause and prejudice at the hearing on the motion to dismiss. The defendant claims that this was done without notice and that his counsel was unprepared to address the question. In support of this argument, defendant relies on *People v. Bounds*, 182 Ill. 2d 1 (1998). *Bounds* involved the trial court's order granting the State's motion to dismiss a defendant's postconviction petition. The defendant's conviction for murder and sentence of death had previously been affirmed on direct appeal. *Id*. at 2. Postconviction counsel had filed a four-count petition for postconviction relief. The trial court had granted leave to file an amended petition by a certain date. *Id*. at 4. Counsel had requested time to file the amended petition in order to enable him to obtain the trial record which had been lost. In the interim, the State filed a motion to dismiss and defense counsel had issued subpoenas to the police department which had not yet been complied with. At a subsequent hearing, the State announced that it had located the trial record and turned it over along with some police reports. The matter was then continued for "status" on a later date. At that later date, counsel appeared with a new discovery motion as well as a motion for an additional continuance. *Id*. at 4-5. These motions were not ruled upon and the trial court

- 7 -

granted the State's motion to dismiss the postconviction petition without hearing argument. *Id*. at 5. The defendant claimed that the trial court's unexpected ruling denied him a full and fair opportunity to present his claims in violation of his right to due process of law by dismissing his postconviction petition without proper notice and before he was able to complete discovery. Our supreme court agreed and held that the trial court violated the defendant's right to procedural due process of law when it converted a status call to a hearing on the merits without notice to the parties. *Id*.

¶ 20 We find that *Bounds* is clearly distinguishable from the case at bar for several reasons. First, this case was specifically set for a hearing on the State's motion to dismiss as opposed to the "status" date in *Bounds*. Additionally, there were no outstanding requests for discovery or to amend the pending petition. In fact, here counsel for the defendant answered ready for the hearing. Defendant's claim that his counsel was surprised that the issue of cause and prejudice was to be considered at the hearing is belied by the fact that the issue was raised in the pending motion to dismiss. In that regard, we do not accept the defendant's characterization of the record that the State had abandoned the issue of cause and prejudice. The record reflects that while on the day of the hearing the State recognized that the trial court had previously granted leave to file the petition, it is clear from the record that it had never abandoned the argument that the defendant's claims were procedurally barred. Further, no objection was raised by defense counsel when the State argued that the claims were barred and no continuance was requested in order to prepare for the issue. To the contrary, defense counsel answered the State's arguments as well as the trial court's questions on this issue with the same arguments that counsel put forward in the motion for leave to file the successive petition as well as before this court, that the defendant, as a layperson, was unaware at the time of the filing of his original petition that he was given improper admonishments and did not learn of this until his appellate counsel informed him of the issue. Lastly, defense counsel did not object to the trial court's ruling that the claims were procedurally barred and did not ask the court to reconsider. We find that the defendant has failed to show that his procedural due process rights have been violated here.

¶ 21 This brings us to the question of whether the trial court correctly determined that the claims brought forth in this successive postconviction petition were procedurally barred. At the conclusion of the hearing on the State's motion to dismiss, the trial court focused on our supreme court's language in *Jones* and found that this was not a "properly newly found claim." As a result, it found the claims to be barred and the motion to dismiss was granted.

¶ 22 As noted above, in order to overcome the statutory procedural bar set forth in section 122-3 of the Act, section 122-1(f) of the Act requires that the petitioner show cause for failing to raise the claim in his initial postconviction petition and prejudice resulting from the failure. 725 ILCS 5/122-1(f) (West 2004). To show "cause," defendant must demonstrate that "some objective factor external to the defense impeded his ability to raise the claim in the initial post-conviction proceeding." *Tenner*, 206 Ill. 2d at 393. To show "prejudice," defendant must demonstrate that the claimed error so infected his trial that the resulting conviction violated due process. *Id*.

¶ 23    The parties agree that pursuant to *People v. Evans*, 2013 IL 113471, the defendant was not given the appropriate admonitions with regard to his appeal rights. He was told that before he could appeal he had to file either a motion to reconsider his sentence *or* a motion to withdraw his guilty plea. Subsequent to the plea proceedings, defendant filed a motion to reconsider his sentence, which was denied after a hearing. Then defendant filed his motion to withdraw his guilty plea. The trial court denied that motion in a written order, which held that the motion was not timely filed. This timeliness problem, of course, probably occurred as a result of the faulty admonitions. Defendant did not raise this issue in his original postconviction petition and was barred from doing so in the first instance on appeal.

¶ 24    We find that the defendant has failed to satisfy the cause prong of the cause-and-prejudice test for several reasons. The defendant asserts that the trial court and his defense counsel at the time of the plea are the cause of his failure to assert his claim. However, this is a misapplication of the test. What is in issue here is not the reason he did not file the right motion after his guilty plea. What is at issue here is whether there was some external cause that prevented him from asserting his claims in his original postconviction petition. Neither the trial court nor his original defense counsel prevented defendant from presenting these claims in his original postconviction petition. Actually, once the trial court denied his motion to withdraw the guilty plea on the basis of timeliness, the defendant had all the information he needed to raise his claims in his original petition. He was advised to file either of two motions, he followed those admonitions upon the advice of his attorney, lost the first motion and was then told that his second motion was barred as being too late. At that point defendant should have raised this claim in his first postconviction petition.

¶ 25    The argument that as a layperson defendant did not realize that he had a claim is not persuasive. Merely failing to recognize your claim cannot be an objective factor external to the defense that prevents one from bringing the claim in the initial postconviction petition. In a somewhat analogous situation, our supreme court has recently held that a defendant being subjectively unaware that he would have to serve a period of mandatory supervised release would not qualify as an objective factor that would impede his ability to raise the claim that his sentence exceeded the term specifically announced by the trial court. *Evans*, 2013 IL 113471, ¶ 13. We find that the defendant's failure to recognize his claim does not qualify as an external cause impeding his ability to raise it in his original petition. In this regard, the State makes the insightful point that if merely failing to recognize a claim when in full possession of the necessary facts would suffice as cause under the cause-and-prejudice test, the statutory bar would be swallowed by the exception as all one would have to do was claim ignorance to avoid it.

¶ 26    We find that the trial court correctly found that the defendant's claims here are procedurally barred and that he has not demonstrated cause preventing him from bringing those claims such that he could avoid the bar.

¶ 27    While acknowledging that it is not controlling here, defendant invites this court to consider the United States Supreme Court's ruling in *Martinez* as analogous to his situation. In *Martinez*, the Supreme Court considered an Arizona prisoner's access to federal *habeas corpus* proceedings. Martinez had been convicted in the Arizona state court of certain sexual assault

offenses and sentenced to imprisonment. *Martinez*, 566 U.S. at ___, 132 S. Ct. at 1313. He pursued a direct appeal with appointed counsel that did not represent him at trial. *Id*. at ___, 132 S. Ct. at 1314. Arizona law precludes an appellant from raising the claim of ineffective assistance of trial counsel on direct appeal, reserving such claims in all cases for collateral review. While his appeal was pending, Martinez, through his newly appointed counsel, filed his initial petition for postconviction relief. This petition did not raise the issue of ineffective assistance of counsel at trial. The state trial court found that the petition raised no meritorious claims and dismissed the petition. A second postconviction petition was then filed which did allege that Martinez's trial counsel was ineffective for various reasons. The state trial court, relying on an Arizona rule of criminal procedure much like the provisions of the Act at issue here, found that this claim was procedurally defaulted as it was not raised in the previous collateral proceeding. This decision was upheld by the Arizona Court of Appeals and the Arizona Supreme Court declined to review Martinez's appeal. *Id*. at ___, 132 S. Ct. at 1314. He then sought *habeas corpus* relief in the United States District Court for the District of Arizona. That court found that federal review was barred due to the doctrine of procedural default, which required that Arizona's rule of procedural default be honored. *Id*. at ___, 132 S. Ct. at 1315. The Court of Appeals for the Ninth Circuit affirmed the dismissal of the petition for writ of *habeas corpus*.

¶ 28    The Supreme Court ruled that Martinez would not be barred from seeking *habeas corpus* relief. *Id*. at ___, 132 S. Ct. at 1315. In so ruling the Court recognized that Arizona did not allow the claim of ineffective assistance of trial counsel on direct appeal, but rather reserved such claims for collateral proceedings. *Id*. at ___, 132 S. Ct. at 1317. As a result, with regard to this claim, the Court coined the phrase, "initial-review collateral proceedings." The Court ultimately found that since the first opportunity to bring this claim was at this initial-review collateral proceeding, the lack of counsel or the ineffective assistance of counsel there could be a sufficient cause to excuse the failure to raise the claim earlier for the purpose of *habeas corpus* proceedings. *Id*. at ___, 132 S. Ct. at 1317-20. Thus Martinez was able to avoid the effect of the doctrine of procedural default and obtain a substantive review of his writ of habeas corpus in the federal court.

¶ 29    We find that *Martinez* does not affect our decision here for two very important reasons. First, unlike Arizona, Illinois does not preclude defendants from raising the claim of ineffective assistance of trial counsel on direct appeal and thus this concept of "initial-review collateral proceedings" does not apply here. In the case at bar, the faulty admonishments, the denial of defendant's motion for reduction of sentence and the denial of his motion to withdraw his guilty plea were all apparent from the record and thus the issue of the ineffective assistance of his trial counsel could have been raised on direct appeal. Importantly, defendant would have had the right to appointed counsel on direct appeal. Defendant elected not to proceed by way of a direct appeal. Applying the *Martinez* result here would allow a prisoner to elect not to file a direct appeal where he would have the right to appointed counsel thus voluntarily forgoing his first opportunity to raise this issue, file a *pro se* petition for postconviction relief again without raising the issue, and then file a successive petition claiming he should avoid the procedural bar because he did not recognize the issue. We decline the invitation to do so.

¶ 30　　　　Second, defendant here fails to recognize the real effect of *Martinez*. The Supreme Court did not hold that Arizona had to excuse Martinez's procedural default. To the contrary, Arizona's rulings holding that Martinez's ineffective assistance of counsel claims were procedurally defaulted were not vacated and remained in place. Martinez, as a result of this ruling, could receive no further relief in the Arizona courts. Rather, the result of this ruling was simply that the federal courts, as a result of Arizona's particular rules of appellate procedure would find cause to avoid the federal doctrine of procedural default and thus he would be allowed to have a substantive review of his writ of *habeas corpus* in the *federal district court*.

¶ 31　　　　As a result of the above, we find that *Martinez* should have no effect on our decision here.

¶ 32　　　　In that we have found that the defendant's claims herein are procedurally defaulted, we find it unnecessary to address the question of whether his successive petition made a substantial showing of any constitutional violation.

¶ 33　　　　We therefore hold here that the claims raised in the defendant's successive postconviction petition are procedurally barred and that he has not shown cause to avoid the default. As a result, the trial court's order dismissing the petition is affirmed.

¶ 34　　　　For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

¶ 35　　　　Affirmed.