# Illinois Official Reports

## Appellate Court

---

### *People v. Diggins*, 2015 IL App (3d) 130315

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. SHONTEL DIGGINS, Petitioner-Appellant. |
| District & No. | Third District<br>Docket No. 3-13-0315 |
| Filed | November 12, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 95-CF-716; the Hon. Stephen Kouri, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier and Jonathan Krieger (argued), both of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Jerry Brady, State's Attorney, of Peoria (Gary F. Gnidovec (argued), of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE O'BRIEN delivered the judgment of the court, with opinion.<br>Justices Carter and Lytton concurred in the judgment and opinion. |

**OPINION**

The petitioner, Shontel Diggins, appeals the judgment denying him leave to file a successive petition for postconviction relief.

FACTS

The petitioner was convicted by a jury of two counts of aggravated battery with a firearm (720 ILCS 5/12-4.2(a)(1) (West 1994)) and one count of armed robbery (720 ILCS 5/18-2(a) (West 1994)) for his involvement in a robbery in 1995 where two patrons were shot. He was sentenced to concurrent 50-year terms of incarceration, consecutive to previous Mississippi convictions. On direct appeal, the petitioner argued that the evidence was not sufficient to convict, that the State made improper comments during closing argument, that the trial court erred in making the sentences consecutive to the Mississippi sentence, and that a 50-year prison term was excessive. This court rejected all the claims and affirmed the petitioner's conviction and sentence. *People v. Diggins*, No. 3-99-0146 (Apr. 27, 2001) (unpublished order under Supreme Court Rule 23).

In January 2006, the petitioner filed a *pro se* one-page petition for postconviction relief, raising the single issue that his Illinois and Mississippi sentences should run concurrently due to the efforts he had made toward rehabilitation. The circuit court dismissed the petition for failing to state the gist of a constitutional claim and raising issues that were frivolous and patently without merit.

In October 2012, the petitioner filed a motion to void judgments, which cited the Post-Conviction Hearing Act (725 ILCS 5/122-1 (West 2010)), raising, among other things, the argument that his trial counsel was ineffective for not advising him that he could receive an "enhanced" sentence when the State offered a plea deal for eight years in prison. In December 2012, the petitioner submitted a motion for leave to file a successive postconviction petition, along with the proposed petition. The petition alleged that trial counsel failed to inform the petitioner that he was subject to an extended term sentence if he did not accept the State's plea. As cause for not previously raising the issues, the petitioner cited lack of access to legal assistance or legal materials in both Illinois and Mississippi. The petitioner's attached affidavit indicated that he would have accepted the plea deal if he had known about the extended term. The circuit court denied the motion for void judgments as patently without merit and denied leave to file the successive postconviction petition. The petitioner appealed.

ANALYSIS

The petitioner's filings both claim that his trial counsel was ineffective during plea negotiations. This issue was not raised in the petitioner's initial postconviction pleading in 2006. When a petitioner seeks to file a successive postconviction proceeding, he must first obtain leave of court. 725 ILCS 5/122-1(f) (West 2010); *People v. Wrice*, 2012 IL 111860, ¶ 47. Leave of court may be granted only if the petitioner demonstrates "cause" for his failure to bring the claim in his or her initial postconviction proceeding and "prejudice" resulting therefrom. See 725 ILCS 5/122-1(f) (West 2010) (codifying the cause-and-prejudice test articulated in *People v. Pitsonbarger*, 205 Ill. 2d 444, 458-60 (2002)); *Wrice*, 2012 IL 111860, ¶ 48. Cause is shown by identifying an objective factor that impeded the petitioner's ability to

raise a specific claim during the initial postconviction proceedings. *Wrice*, 2012 IL 111860, ¶ 48. Prejudice is shown by demonstrating that the claim not raised during the initial postconviction proceedings so infected the trial that the resulting conviction or sentence violated due process. *Id.* To obtain leave to file, the petitioner need not present conclusive proof of cause and prejudice but must merely adequately allege facts demonstrating both. *People v. Smith*, 2014 IL 115946, ¶ 34. The question of whether to allow leave to file a successive postconviction petition is resolved on the pleadings, so our review of the denial of leave to file is *de novo*. *Wrice*, 2012 IL 111860, ¶ 50.

¶ 7    The petitioner contends that he showed cause and prejudice. The cause alleged by the petitioner is that he did not have counsel during the proceedings on his first postconviction petition, citing to *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012). As for prejudice, the petitioner contends that his trial counsel's failure to advise him of a possible extended term sentence was unreasonable and led him to reject the plea offer.

¶ 8    In *Martinez*, a federal *habeas corpus* proceeding, the United States Supreme Court held that cause is satisfied for certain ineffective assistance claims by the lack of counsel during initial collateral proceedings. *Id.* at ___, 132 S. Ct. at 1318. However, the application of *Martinez* to a state successive postconviction proceeding in Illinois has already been rejected by the First District. *People v. Jones*, 2013 IL App (1st) 113263, ¶ 31; *People v. Sutherland*, 2013 IL App (1st) 113072, ¶ 18. Both courts distinguished *Martinez*, finding it important that Arizona criminal procedure did not allow claims of ineffective assistance to be raised on direct appeal, while Illinois procedure allowed such. *Jones*, 2013 IL App (1st) 113263, ¶ 31; *Sutherland*, 2013 IL App (1st) 113072, ¶ 18. *Sutherland* further distinguished *Trevino v. Thaler*, a later Supreme Court case that extended the *Martinez* holding to Texas, where ineffective assistance claims, under Texas procedure, effectively had to be raised in postconviction proceedings. *Trevino v. Thaler*, 569 U.S. ___, ___, 133 S. Ct. 1911, 1921 (2013).

¶ 9    In Illinois, however, prisoners do not have a constitutional right to be represented by counsel in postconviction proceedings and ineffective assistance claims can be raised on direct appeal. *Sutherland*, 2013 IL App (1st) 113072, ¶¶ 18-19. Clearly, the petitioner was aware that he was eligible for an extended-term sentence, at the latest, by the time he was sentenced, which was five years before he filed his initial *pro se* postconviction petition. Thus, while he may have been limited in his ability to raise the issue on direct appeal due to facts outside the record, he could have raised the issue in his initial *pro se* postconviction petition. Since we find that *Martinez* only applies to relief in federal *habeas* court, we conclude that the petitioner has failed to allege any facts demonstrating cause. Due to the petitioner's failure to demonstrate cause for not raising the claim in his initial postconviction, we affirm the denial of leave to file a successive postconviction petition.

¶ 10                                CONCLUSION

¶ 11    The judgment of the circuit court of Peoria County is affirmed.

¶ 12    Affirmed.