**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 180499-U

Order filed June 1, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0499 Circuit No. 95-CF-716 |
| | ) | |
| SHONTEL DIGGINS, | ) ) | Honorable Paul P. Gilfillan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHMIDT delivered the judgment of the court.
Justices Daugherity and Lytton concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Counsel provided unreasonable assistance to defendant in second-stage postconviction proceedings.

¶ 2    Defendant, Shontel Diggins, appeals following the denial of his combined postconviction petition and petition for relief from judgment. He argues that counsel provided an unreasonable level of assistance. We agree, and reverse and remand the matter for new second-stage proceedings on defendant's postconviction petition in compliance with supreme court rules.

¶ 3                    I. BACKGROUND

¶ 4    The State charged defendant in 1995 with armed robbery (720 ILCS 5/18-2(a) (West 1994)) and two counts of aggravated battery with a firearm (*id.* § 12-4.2(a)(1)). The evidence at defendant's trial established that defendant and three others participated in the robbery of a Peoria club. Two people were injured by gunshots over the course of the robbery. Among the evidence was testimony from codefendants Melvin Johnson, Michael Young, and Corey Polnitz, each of whom testified that defendant participated in the robbery. Johnson and Polnitz testified that defendant handled the gun at some point in the course of events.

¶ 5    The jury found defendant guilty on all counts, and the court sentenced him to extended terms of 50 years' imprisonment on each, to be served concurrently. On direct appeal, this court affirmed defendant's convictions and sentences. *People v. Diggins*, No. 3-99-0146 (2001) (unpublished order under Illinois Supreme Court Rule 23).

¶ 6    In 2006, defendant filed a postconviction petition which was summarily dismissed. In 2012, defendant filed a motion for leave to file a successive postconviction petition as well as a "motion to void judgement," each of which raised issues not relevant to this appeal. The circuit court denied both motions, and this court affirmed. *People v. Diggins*, 2015 IL App (3d) 130315, ¶¶ 4-5, 10.

¶ 7    On January 2, 2015, defendant filed the *pro se* petition that gives rise to the instant appeal. The otherwise unlabeled petition stated at the outset that it was brought "pursuant to 725 ILCS 5/122-1 *et seq.* [The Post-Conviction Hearing Act (Act)]… or alternatively, petition for relief of judgement 735 ILCS 5/2-1401." In the petition, defendant alleged, *inter alia*, that he had newly discovered evidence of actual innocence in the form of recantation affidavits from Johnson and Young. Defendant also filed a motion for "leave to file [a] successive petition for post conviction relief," in which he cited only to the Act.

¶ 8 The circuit court entered an "order docketing petition for post conviction relief" on March 4, 2015. In the order, the court indicated that the "matter comes before the Court on Defendant's *Pro Se* Motion for 'leave to file successive petition for post conviction relief.' " The court further stated that, in its review of the record, it discovered defendant's 2012 motion to void judgment, which the court erroneously believed had never been ruled upon.[1] Noting that the 2012 motion was intended as a petition for postconviction relief, the court concluded:

> "[I]t is appropriate to now consider both that 2012 Motion and the presently filed request for leave and accompanying petition collectively to be a Petition for Post Conviction Relief. ***[T]he court will docket these matters for further review and consideration under the Act."

The court appointed the Peoria County public defender's office as counsel.

¶ 9 On October 23, 2015, private counsel filed an appearance, taking over as counsel for defendant. Counsel informed the court that he would need to file a motion for leave to file "since it's the second petition for post conviction relief." He further commented: "My client filed *pro se*, so far. He didn't ask your permission, he just filed it."

¶ 10 On August 15, 2016, counsel filed a motion for a continuance. In the motion, counsel stated that "[d]efendant filed his *pro-se* [*sic*] petition for Relief of Judgement pursuant to section 5/2-1401 of 735 ILCS on January 2, 2015." Counsel also noted in the motion that "[t]his matter is now set for *** a second-stage hearing." The circuit court granted what it referred to as defendant's "motion to continue the second-stage hearing." At the next court appearance, in seeking another

---

[1]The parties on appeal agree that the 2012 motion had been ruled upon, and that the circuit court erred in determining otherwise.

continuance, counsel stated that only one more continuance would be required in order to "get the second stage done."

¶ 11    On October 31, 2016, the State filed a "Motion to Dismiss Defendant's Successive Post-Conviction Petition." The motion asserted that a recantation affidavit was insufficient grounds for a claim of actual innocence.

¶ 12    Counsel subsequently filed an amended petition. The amended petition was a near-verbatim reproduction of the *pro se* petition, including the request for relief under two separate statutory schemes. Attached as exhibits to the amended petition were Young's affidavit, as well as a "video affidavit" from Johnson. Defendant later supplemented this with a written affidavit from Johnson.

¶ 13    The parties next appeared in court on December 16, 2016. When the court asked if they were "here for a second stage hearing," counsel responded, "That is correct." At a later court date, the court inquired: "And we are talking successive post-conviction petition[?]" Counsel responded: "Yes, it is." After a number of further continuances, the court entered an order declaring that "the case is set for a second stage post-conviction hearing on July 14, 2017."

¶ 14    On that date, the following exchange transpired:

> "THE COURT: Let's talk about that amended petition. You call it a Petition for Relief from Judgment, but in the first paragraph you talk about pursuant to the *** Act or alternatively a Petition for Relief from Judgment so what are we actually dealing with?
>
> [COUNSEL]: My client wants me [to] file it under Section 1401 of the Civil Practice Act for Relief.

THE COURT: So this will not be considered under the *** Act or request to file a successive petition, but rather under 2-1401?

[THE STATE]: Judge, I'd ask to recharacterize that.

[COUNSEL]: Correct.

THE COURT: Say that again.

[THE STATE]: I'd make an oral motion to recharacterize the motion as a successive post-conviction, and, in fact, in reading it while I understand he used the words 'relief from judgment' it is in substance and it even cites the [Act] in it, and I was certainly led to believe that that was—

THE COURT: You want it to be under the *** Act?

[THE STATE]: Well, and that's the way I answered it. The 1401 he's clearly blown his time limit."

Counsel requested to file an amended pleading, both to clear up any confusion and because defendant indicated that he wished to raise additional issues. Counsel reiterated that he would proceed under section 2-1401 and would "dismiss" any request under the Act.

¶ 15    The record shows that on that same date, counsel filed a document titled "Rule 604(d) Affidavit of Attorney." In the certificate, counsel affied that he was a licensed attorney, that he was defendant's attorney, and that he "consulted with the Defendant by telephone to ascertain Defendant's contentions regarding the post conviction petition."

¶ 16    Defendant subsequently filed a section 2-1401 petition, which was handwritten but signed by counsel. The State argued that the section 2-1401 petition was untimely because it was filed outside of the two-year limitations period contemplated by that statute. Counsel argued that the two-year period applied beginning when a defendant discovers new evidence. When asked if he

5

had authority to support his position, counsel responded: "Not right offhand here. My client says he does." The court dismissed the section 2-1401 petition as untimely.

¶ 17    Defendant subsequently filed a number of *pro se* documents, including a motion to reinstate his postconviction petition and a motion to reconsider the denial of his section 2-1401 petition. The court denied those motions.

¶ 18                                                    II. ANALYSIS

¶ 19    On appeal, defendant argues that counsel failed to provide reasonable assistance while representing him at second-stage postconviction proceedings. He therefore requests that this court remand the matter for new second-stage proceedings, to be held in compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). Defendant raises no contentions of error with respect to the later dismissal of his section 2-1401 petition.

¶ 20    Initially, the State disputes the standard to which counsel was held in his representation of defendant. It is well-settled that counsel representing a defendant in proceedings pursuant to the Act must provide reasonable assistance. *E.g.*, *People v. Cotto*, 2016 IL 119006, ¶ 30. However, our supreme court has recently made clear that counsel representing a defendant on a petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2018)) is required only to exercise due diligence. *People v. Stoecker*, 2020 IL 124807, ¶ 42. The State contends that because defendant elected to proceed under section 2-1401, counsel should be held to the due diligence standard.

¶ 21    The State's argument ignores the fact that the circuit court unequivocally and unambiguously appointed the public defender to represent defendant in second-stage proceedings under the Act. On March 4, 2015, the court observed that defendant had filed a motion for leave to file a successive postconviction petition and explicitly docketed the petition "for further review

6

and consideration under the Act." The court also appointed a representative for defendant, an appointment mandated by the Act but not by section 2-1401. When counsel stepped in as a representative for defendant on October 23, 2015, he acknowledged that he was representing defendant on a postconviction petition under the Act. For more than a year following counsel's first appearance, the matter was referenced numerous times by the court, the State, and counsel himself as being set for a second-stage hearing—a reference to the three-stage structure of proceedings under the Act. See, *e.g.*, *People v. Edwards*, 197 Ill. 2d 239, 244 (2001).

¶ 22        On July 14, 2017, defendant, while represented by counsel, elected to proceed with a section 2-1401 petition rather than his postconviction petition. Even assuming that counsel was only required to provide due diligence from that point forward, there is no credible argument to be made that defendant's election on that date retroactively changed the level of assistance that counsel was required to provide in the year prior. Accordingly, we will consider whether counsel's performance from October 23, 2015, through December 16, 2016, met the standard required by the Act.

¶ 23        Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), requires that, in proceedings under the Act:

> "The record filed in [the appellate] court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions."

7

Rule 651(c) is " 'a vehicle for ensuring a reasonable level of assistance,' " but is not the "only guarantee of reasonable assistance in postconviction proceedings." *Cotto*, 2016 IL 119006, ¶ 41 (quoting *People v. Anguiano*, 2013 IL App (1st) 113458, ¶ 37).

¶ 24 Rule 651(c), by its plain language, does not require the filing of a certificate. Rather, it requires that counsel consult with the defendant, examine the record of proceedings at trial, and make necessary amendments to the petition; certification is merely one way of demonstrating that counsel has met those requirements. *People v. Myers*, 386 Ill. App. 3d 860, 865 (2008) ("If counsel fails to file a certificate of compliance with Rule 651(c), a reviewing court is not entitled to assume that counsel has complied with the rule; rather, there must be an explicit showing in the record that the rule's requirements have been met."). Remand is required where the record does not affirmatively show that counsel fulfilled those duties, regardless of the merits of the underlying petition. *People v. Suarez*, 224 Ill. 2d 37, 47 (2007).

¶ 25 In the instant case, counsel appears to have made an attempt to file a Rule 651(c) certificate, though it was labeled as a "Rule 604(d) Affidavit of Attorney." Labeling error aside, counsel only certified that he consulted with defendant and made no mention of examining the record or making necessary amendments to defendant's petition. The filing is neither in form nor substance a Rule 651(c) certificate.

¶ 26 Furthermore, the record does not affirmatively demonstrate that counsel examined the record or made necessary amendments to defendant's *pro se* petition. On the contrary, the record tends to explicitly show that counsel did not do those things. Not only did counsel make no substantive amendments to defendant's petition, he made barely any stylistic amendments, instead producing an "amended" petition that was a typed, nearly verbatim copy of the original. The record is wholly devoid of any filing or comment from counsel that suggests any familiarity with the

8

substance of defendant's case. Certain errors actually demonstrate counsel's unfamiliarity with the case, such as when he erroneously informed the court that defendant had failed to seek leave to file the successive petition, or when he referred defendant as having filed a petition pursuant to section 2-1401, while simultaneously noting that the matter was set for second-stage proceedings. *Supra* ¶¶ 9, 10. Finally, counsel appears to have made no effort to explain to defendant that proceeding under section 2-1401 would result in a dismissal for untimeliness, even as the State made that point explicitly in court.

¶ 27        In sum, counsel did not file a compliant Rule 651(c) certificate, and the record does not demonstrate that counsel fulfilled the requirements of that rule. Accordingly, we are compelled to reverse the circuit court's order denying defendant leave to reinstate his petition and remand the matter for the appointment of counsel and new second-stage proceedings. See *Suarez*, 224 Ill. 2d at 47.

¶ 28                        III. CONCLUSION

¶ 29        For the foregoing reasons, we reverse the judgment of the circuit court of Peoria County and remand the matter.

¶ 30        Reversed.

¶ 31        Cause remanded.