**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220119-U

Order filed April 27, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-22-0119 Circuit No. 20-DV-586 |
| | ) | |
| NICHOLAS S. CRUICKSHANK, | ) ) | Honorable George A. Ford, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BRENNAN delivered the judgment of the court.
Presiding Justice Holdridge and Justice Albrecht concurred in the judgment.

_____

**ORDER**

¶ 1       *Held*:  The circuit court did not have jurisdiction to consider defendant's ineffective assistance of counsel claim.

¶ 2       Defendant, Nicholas S. Cruickshank, appeals his convictions, arguing that the Du Page County circuit court erred by failing to conduct a preliminary inquiry pursuant to *People v. Krankel*, 102 Ill. 2d 181, 189 (1984). We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    After a bench trial in November 2021, defendant was convicted of two counts of domestic battery (720 ILCS 5/12-3.2(a)(1), (2) (West 2020)) and one count of aggravated assault (*id.* § 12-2(c)(1)). The evidence at trial established that defendant cut his brother's hand with a sword, and his brother required stitches. Defendant filed a motion for a new trial, which was denied. On January 28, 2022, the court sentenced defendant to 24 months' probation and 60 days in jail. Defendant's motion to modify sentence was denied on March 3, 2022.

¶ 5    Defendant sent two separate documents to the court, which were both filed on March 30, 2022. Initially, defendant had filled out a preprinted motion form. At the top where it said, "Motion for," defendant wrote "Appeal." The form then said, "State the Supreme Court Rule, Code of Civil Procedure and/or Local Rule on which your Motion is based," and defendant wrote "Misrepreasentation." Where the form said, "State the facts and circumstances that support the Motion," defendant wrote "Misrepreasentation on my behalf by my attorney." Defendant wrote "Appeal this case" on the bottom where the form said, "State what you are asking the Court to Order[.]" The form was signed by defendant and dated March 23, 2022. The envelope was postmarked March 25, 2022. Next, defendant filled out a preprinted notice of appeal form. The form stated that defendant was appealing the orders from January 28 and March 3.[1] Defendant checked boxes stating that he sought reversal and vacation of the court's judgment. He also checked a box stating "other" and wrote "SCRAM monitoring and probation." The form stated that it was sent March 24, 2022, and was postmarked March 25, 2022.

¶ 6                                    II. ANALYSIS

---

[1]We note defendant also included that he was appealing an order from January 27, 2023. Clearly the case was finished long before 2023, and there are no court dates listed in the record on any other January 27. Therefore, we assume this was a mistake.

¶ 7        On appeal, defendant argues that the court should have conducted a preliminary inquiry pursuant to *Krankel*, 102 Ill. 2d at 189, when he wrote in his motion, "Misrepreasentation on my behalf by my attorney." Under the procedure developed in *Krankel* and its progeny, when a defendant raises a *pro se* posttrial claim of ineffective assistance of counsel, the circuit court is required to conduct a preliminary inquiry to examine the factual basis of the claim. *People v. Jolly*, 2014 IL 117142, ¶ 29. If the circuit court determines that a defendant's *pro se* claim lacks merit or only pertains to matters of trial strategy, the court may deny the *pro se* motion without appointing counsel. *People v. Ayres*, 2017 IL 120071, ¶ 11. However, if the defendant's allegations show possible neglect of the case, the circuit court should appoint new counsel to represent the defendant in advancing his or her claims. *Id.*

¶ 8        To trigger a preliminary *Krankel* inquiry,

> " '[A] *pro se* defendant is not required to do any more than bring his or her claim to the trial court's attention' [citations], and thus, a defendant is not required to file a written motion ([*People v.*] *Patrick*, 2011 IL 111666, ¶ 29) but may raise the issue orally (*People v. Banks*, 237 Ill. 2d 154, 213-14 (2010)) or through a letter or note to the court (*People v. Munson*, 171 Ill. 2d 158, 200 (1996))." *Id.* (quoting *People v. Moore*, 207 Ill. 2d 68, 79 (2003)).

Although a defendant's bare assertion of "ineffective assistance of counsel" is sufficient to trigger a *Krankel* hearing, the defendant must nevertheless clearly state that he is asserting a claim of ineffective assistance of counsel. *Id.* ¶¶ 18-23.

¶ 9        Here, defendant's "Motion for: Appeal" alleging "[m]isrepreasentation on my behalf by my attorney" and his form notice of appeal were filed on the same day. Because they were filed at the same time, the court lacked jurisdiction to consider any ineffective assistance of counsel

argument that defendant might have raised. *People v. Darr*, 2018 IL App (3d) 150562, ¶¶ 93, 95, 99 (once notice of appeal filed, circuit court divested of jurisdiction to consider *Krankel* claim). As we find that the court lacked jurisdiction to conduct a preliminary inquiry, we need not consider whether defendant's assertion would have been enough to trigger a preliminary *Krankel* inquiry.

¶ 10        In coming to this conclusion, we reject defendant's attempt to distinguish *Darr* on the basis that he sent two separate documents in two separate envelopes, as opposed to *Darr*, where the defendant included the claim of ineffective assistance of counsel in his notice of appeal. He notes that his motion was dated March 23, and the notice of appeal stated it was mailed on March 24. First, we cannot say that defendant was necessarily attempting to raise an ineffective assistance of counsel claim in the circuit court, as opposed to including it as his basis to appeal to this court. See *People v. Horne*, 2022 IL App (3d) 190263-U, ¶ 21. His motion was listed as a "Motion for: Appeal" with "Appeal this case" written as the remedy requested. It is likely that defendant filled out that motion before realizing there was a preprinted notice of appeal form.

¶ 11        Second, even if we were to accept that defendant sought to raise his claim in the circuit court and the motion was written before the notice of appeal, the court still could not have considered the claim.

> "As a general matter, '[w]hen the notice of appeal is filed, the appellate court's jurisdiction attaches *instanter*, and the cause is beyond the jurisdiction of the trial court.' *People v. Bounds*, 182 Ill. 2d 1, 3 (1998). Any ruling made by the circuit court in the absence of jurisdiction is void. *People v. Flowers*, 208 Ill. 2d 291, 306 (2003)." *Darr*, 2018 IL App (3d) 150562, ¶ 89.

The circuit court lost jurisdiction the moment the notice of appeal was filed, which was the same day the motion was filed. Therefore, the court could not consider any ineffective assistance of counsel claim raised by defendant at that time.

¶ 12                                    III. CONCLUSION

¶ 13            The judgment of the circuit court of Du Page County is affirmed.

¶ 14            Affirmed.